On appellant's motion for reconsideration filed May 12, 1998, reconsideration granted; order granting dismissal vacated; motion to dismiss denied July 7, 1999

## CARL BATY,
*Appellant,*

*v.*

## Debra SLATER,
Superintendent,
Powder River Correctional Facility,
*Respondent.*

## (97-353; CA A99306)

984 P2d 342

Daniel L. Cronin for the motion.

No appearance *contra*.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

In this habeas corpus proceeding, plaintiff moves for reconsideration of our order dismissing as moot his appeal from the trial court's judgment of dismissal. Plaintiff contends that, under the doctrine of collateral consequences, his appeal is not moot. Because we agree that plaintiff's appeal is not moot, we grant his motion to reconsider, vacate the order granting defendant's motion to dismiss the appeal and deny that motion on reconsideration.

In 1992, plaintiff was convicted of two counts of sexual abuse in the first degree. He was sentenced to probation for each offense, including a total of 110 days incarceration as a condition of probation. In May 1995, the district attorney initiated a proceeding to revoke plaintiff's probation. The trial court found that plaintiff had violated probation. It revoked that probation and sentenced plaintiff to 22 months in prison and three years post-prison supervision. Plaintiff's habeas corpus petition concerns whether he is entitled to credit for the 110 days he was incarcerated as a condition of probation. Plaintiff filed his petition after the date on which, according to his calculation of credit for time served, he was entitled to release on post-prison supervision. The trial court dismissed the writ. Plaintiff then filed this appeal.

While the appeal was pending, plaintiff was released from incarceration on post-prison supervision. Defendant then moved to dismiss the appeal on the ground that plaintiff's release rendered the appeal moot. Plaintiff opposed dismissal based on the theory that, despite his release, he remained in the constructive custody of the court after the writ of habeas corpus was allowed. He reasoned that the case was not therefore moot as a result of a physical change in his custody status. *See, e.g., Anderson v. Britton*, 212 Or 1, 5-6, 318 P2d 291 (1957), *cert den* 356 US 962 (1958). We rejected plaintiff's argument and granted the motion to dismiss. Plaintiff then filed the motion for reconsideration now before us.

Plaintiff raises a different argument against mootness for the first time on reconsideration. Plaintiff argues

that a collateral consequence of the Department of Corrections' failure to release him on what he maintains is the correct date is the improper extension of his overall sentence, including the period of post-prison supervision. Plaintiff points out that the combined period of incarceration and post-prison supervision under his sentence would be shortened by 110 days should he prevail on appeal. Although we normally would not consider an argument made for the first time on reconsideration, we must consider jurisdictional matters regardless of when they are presented.

 A justiciable controversy exists where "the court's decision in the matter will have some practical effect on the rights of the parties to the controversy." *Brumnett v. PSRB,* 315 Or 402, 405, 848 P2d 1194 (1993). Collateral consequences *may* prevent a dispute concerning plaintiff's release date from becoming moot even though the primary controversy has been resolved because of his release. *Barnes v. Thompson,* 159 Or App 383, 385-86 P2d 431 (1999). We agree with plaintiff that our decision on the merits in this case will have a practical effect on the parties and, therefore, his appeal is not moot.

In *Barnes,* we dismissed as moot an inmate's appeal challenging the correctness of the Board of Parole's extension of his parole release date. *Id.* at 385. We held that there was no effective relief to be granted because, even if he prevailed on the merits, the inmate would either remain in prison or on parole until the end of his sentence. *Id.* at 386-87. In evaluating the question of mootness following an inmate's release from incarceration, we distinguished indeterminate sentences that include parole from guideline sentences, such as plaintiff's, that include a fixed period of post-prison supervision. *Id.* at 385. For guideline offenders, OAR 213-005-0002(3) provides that the term of post-prison supervision commences upon completion of the offender's prison term. The earlier the term of imprisonment ends, the earlier the term of post-supervision *both* begins *and ends.* Therefore, unlike the circumstances in *Barnes,* a correct determination of plaintiff's entitlement to credit for time served on his probationary sentence against the term of incarceration on his revocation sentence *does* directly affect the overall length of that sentence, including post-prison supervision. For that

reason, our decision on the merits would have a practical effect on the rights of the parties and plaintiff's appeal is not moot. We therefore grant reconsideration, vacate our previous order dismissing plaintiff's appeal, and on reconsideration deny defendant's motion to dismiss.

Reconsideration granted; order granting dismissal vacated; motion to dismiss denied.