On respondent's petition for reconsideration filed August 18, of opinion on motion for reconsideration filed July 7, 1999, petition for reconsideration allowed; former opinion (161 Or App 653, 984 P2d 342) adhered to January 5, 2000

CARL BATY,
*Appellant,*

*v.*

Debra SLATER,
Superintendent,
Powder River Correctional Facility,
*Respondent.*

(97-353; CA A99306)

995 P2d 1176

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, Kelly Knivila, Assistant Attorney General, and Kathleen M. Cegla, Assistant Attorney General, for petition.

Daniel L. Cronin *contra*.

Andy Simrin for *amicus curiae* Oregon Criminal Defense Lawyer's Association.

Before Haselton, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant petitions for reconsideration of our decision denying her motion to dismiss plaintiff's appeal.[1] We allow that petition and adhere to our former opinion. We write briefly to explain our reasons for doing so.

Defendant argues that, even if plaintiff's release from imprisonment was unlawfully delayed, plaintiff's appeal is moot because the court cannot retroactively change plaintiff's actual release date nor adjust the required term of post-prison supervision. Defendant assumes that a post-prison supervision term *must* begin on actual release from prison and that the term of imprisonment continues until that event occurs. That assumption is incorrect. Plaintiff's "term of imprisonment" is not simply whatever defendant determines it should be; instead, it is the term to which plaintiff was sentenced, subject to any adjustments required by law.[2]

■     OAR 213-005-0002(3) provides that "[t]he term of post-prison supervision shall begin upon completion of the offender's prison term * * *." Based on that rule, we held that plaintiff's appeal was not moot because a decision on the merits of his appeal will determine when his term of imprisonment was legally completed. Plaintiff's term of post-prison supervision commenced at that time.

■     Defendant argues that our construction of the rule is erroneous in light of OAR 213-005-0003, which provides:

> "When a term of post-prison supervision is imposed as part of a sentence, the offender shall serve the term of supervision in the community under the supervision of the Department of Corrections or a corrections agency designated by the Department."

---

[1] *Baty v. Slater*, 161 Or App 653, 984 P2d 342 (1999). In making that decision, we reconsidered and vacated our previous order granting plaintiff's motion to dismiss.

[2] *See, e.g.*, ORS 161.505 ("An offense is conduct for which a *sentence to a term of imprisonment* * * * is provided by any law of this state * * *.") (Emphasis added.)

Defendant asserts that post-prison supervision must be served in the community and advances policy reasons supporting that directive. Those reasons, however, are not at issue here. OAR 213-005-0003 does not purport to determine the commencement date of a post-prison supervision term but, instead, establishes post-prison supervision administrative responsibilities. OAR 213-005-0002 is the rule that *does* determine the commencement date for post-prison supervision terms. That date is not altered merely because the Department of Corrections may, as the result of an erroneous calculation of the term of imprisonment, fail to timely release an offender for service of the post-prison term in the community.

■ ■  Although defendant's petition makes other arguments, only one of those justifies brief discussion. Citing *White v. Gladden*, 209 Or 53, 303 P2d 226 (1956), and other cases, defendant asserts that habeas corpus relief is not available to an offender who has been released from custody. Although defendant correctly states the general rule, as we observed in our original opinion, a habeas corpus petition is not moot if there are collateral consequences to resolution of the dispute that may result in plaintiff obtaining relief from a restraint of his liberty. Based on that construct, we held that plaintiff's appeal was not moot because a decision on the merits of his appeal will determine when his term of imprisonment is legally completed, when his term of post-prison supervision will begin and, therefore, when his term of post-prison supervision will end. We adhere to that holding.

Petition for reconsideration allowed; former opinion adhered to.