Argued and submitted April 30, 2004, reversed and remanded for resentencing; otherwise affirmed February 2, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## AHMED MUYINGO,
aka Muyingo Ahmed Muyingo,
*Appellant.*

### 95-10-38342; A118291

105 P3d 899

Peter Gartlan, Chief Defender, argued the cause for appellant. With him on the brief was Peter A. Ozanne, Executive Director, Office of Public Defense Services.

Kaye E. McDonald, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Ortega, Judge, and Deits, Judge pro tempore.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals from a sentence imposed on one count of first-degree criminal mistreatment, ORS 163.205, after our remand in *State v. Muyingo*, 171 Or App 218, 15 P3d 83 (2000), *rev den*, 332 Or 431 (2001). (*Muyingo I*). He contends that the trial court lacked authority on remand to modify his sentence on the criminal mistreatment count for numerous reasons. In particular, defendant argues that (1) our remand in the prior case did not authorize the resentencing; (2) the trial court lacked authority to modify the sentence because the sentence had been executed; and (3) in any event, the modification of the sentence violates the rule of law announced in *State v. Turner*, 247 Or 301, 429 P2d 565 (1967), that a criminal defendant may not receive a harsher sentence as a result of a successful appeal. Finally, in a supplemental assignment of error, defendant asserts that, under *Blakely v. Washington*, 542 US ____ , 124 S Ct 2531, 159 L Ed 2d 403 (2004), the court erred in imposing an upward departure sentence on the criminal mistreatment conviction. As explained below, we reverse and remand in light of *Blakely*.

The material facts are not disputed. Defendant was charged with multiple crimes involving four victims, S, J, N, and I. Ultimately, following two jury trials, defendant was convicted on 29 counts—12 counts of first-degree criminal mistreatment, ORS 163.205, involving S, J, N, or I; 16 counts of various sex crimes involving S; and one count of unlawful sexual penetration, ORS 163.411, involving J. *Muyingo I*, 171 Or App at 220-21. Through a mix of consecutive and concurrent sentences, the court imposed a total of 120 months' incarceration, with 238 months' post-prison supervision. Of particular significance to the present appeal, on count 19, one of the criminal mistreatment counts, the court imposed a presumptive 32-month term of incarceration.

Defendant appealed on all counts, challenging, *inter alia*, the trial court's denial of his motion, pursuant to OEC 412, to admit evidence of S's past sexual behavior. We ultimately concluded that the trial court had so erred and, consequently, we reversed defendant's convictions on 16 counts

of sex crimes involving S. *Muyingo I*, 171 Or App at 228. However, we affirmed all of the criminal mistreatment convictions, including count 19, and the conviction on the sex offense involving J. *Id*. Our "tag line," describing our disposition of the case, stated:

> "Convictions on counts 20, 21, 24, 25, 28, 29, 32, 33, 36, 37, 38, 39, 40, 41, 42, and 43 reversed and remanded; otherwise affirmed."

*Id*. If nothing more had occurred in the case, the effect of our disposition would arguably have been to reduce defendant's total incarceration by 27 months—from 120 months to 93 months.[1]

On remand, the state opted not to reprosecute the 16 counts on which defendant's convictions had been reversed and, instead, moved to dismiss those counts. After the dismissal of those counts, the trial court resentenced defendant on the counts that had been affirmed on appeal. Most significantly—because it is the object of this appeal—the court, through an upward durational departure, increased defendant's term of incarceration on count 19 from 32 months to 59 months, to run consecutively to the sentence imposed on another count. That departure was based on the court's determinations that that crime was "accomplished by threat of force," was perpetrated "against [a] vulnerable child victim," and "caused permanent physical and emotional injuries." Through that modification of the sentence on count 19, the court effectively restored the 27 months "lost" as a result of our disposition in *Muyingo I* and the state's subsequent election not to reprosecute.

Defendant objected to that resentencing, arguing, in part, that any modification was improper because the original sentence on count 19 had been executed. The trial court rejected that objection with the following explanation:

> "This is a situation where the court in its original sentence had a myriad of options for an extremely long sentence. The court structured a sentence of 120 months with a very

---

[1] That is so because among the counts that we reversed was count 20, on which the court had imposed a 27-month consecutive sentence.

extended 238 month period of post-prison supervision during which substantial sanctions could be imposed. The sentence was not merely a reflection of the number of separate crimes for which defendant was convicted, although those convictions did put an upward limit of 1842 months on the original sentence. (The remaining counts carry a maximum sentence of 486 months without departure and up to 972 months with departure.) Where some but not all counts are reversed, to limit the sentencing court's ability to re-sentence on the remaining counts would be to assume that the court parceled out the original total sentence of 120 months based on the appropriate sentence for each of the 29 counts, and that the removal of a consecutive count would reduce the overall sentence by the amount of sentence allocated to that count. The court originally reached a total sentence of 120 months based on a great number of factors, and spread that 120 months over the various 29 counts to maximize the post-prison supervision of Mr. Muyingo and enforce the post-prison supervision with the maximum possible sanctions. The reversal of sixteen counts makes the original sentence of 120 months no less appropriate."

(Footnote omitted.)

■      On appeal, defendant challenges the modification of his sentence on count 19 on four grounds: (1) Any modification of sentence with respect to count 19 exceeded the scope of our remand—and, by extension, any modification with respect to any of the convictions we affirmed in *Muyingo I* would be similarly precluded; (2) *Turner* precludes any enhancement on remand of the sentence initially imposed on count 19; (3) the court on remand lacked authority to modify the sentence on count 19 because that sentence had been executed; and (4), even if arguments (1) through (3) are unavailing, the court's imposition of the 27-month upward departure was unconstitutional under the principles announced in *Blakely*. Defendant acknowledges that he did not preserve his *Blakely*-related challenge before the circuit court but urges us to consider that matter as "error apparent on the face of the record." ORAP 5.45(1).

We conclude that, under *Blakely*, the court's imposition of the 27-month upward departure constituted error apparent on the face of the record. *See State v. Perez*, 196 Or App 364, 102 P3d 705 (2004) (concluding that error was

apparent on the face of the record where trial court imposed upward departure sentence based on judicial factfinding). *See also State v. Dilts*, 337 Or 645, 103 P3d 95 (2004) (imposition of upward departure sentence under Oregon sentencing guidelines violated the Sixth Amendment to the United States Constitution under the rationale expressed in *Blakely*). For the reasons that follow, we exercise our discretion to correct that error and, accordingly, reverse and remand.

■ Defendant asserts that we should exercise our discretion to correct the erroneous imposition of sentence on count 19 because the state has no legitimate interest in requiring him to serve an unconstitutional sentence. *See Perez*, 196 Or App at 373 (court exercised its discretion to correct sentencing error because the state asserted no valid interest in requiring defendant to serve an unlawful sentence). The state counters that:

> "defendant already has served the only portion of his sentence to which *Blakely* applies. * * * [D]efendant no longer is serving the upward departure sentence that the court imposed; according to him (and Department of Correction records) he has completed his sentence and is now on post-prison supervision.* * * Because *Blakely* has no application to post-prison supervision at all, defendant's supplemental claim is moot."

The state is incorrect in its implicit assumption that no meaningful relief is available under these circumstances. In *Baty v. Slater*, 161 Or App 653, 984 P2d 342 (1999), *adhered to on recons*, 164 Or App 779, 995 P2d 1176, *rev den*, 331 Or 191 (2000), we held that an inmate's claim that he should have been released from prison onto post-prison supervision was not made moot by his release from prison, because "the term of post-prison supervision commences upon completion of the offender's prison term. The earlier the term of imprisonment ends, the earlier the term of post-[prison] supervision *both* begins *and ends.*" *Baty*, 161 Or App at 656 (emphasis in original). On reconsideration, we rejected the argument that the post-prison supervision term must be measured from the date on which an inmate actually is released from prison, and reiterated that the inmate's term of post-prison supervision commenced when his prison term

was "legally completed," not when he was actually released. 164 Or App at 781.

Thus, under *Baty*, a determination that the trial court erred in imposing the 27-month upward departure on count 19 could ultimately mean that defendant's term of post-prison supervision commenced 27 months earlier. Given that consequence, we exercise our discretion to correct the error for the reason stated in *Perez*: The state has no valid interest in requiring defendant to serve an unlawful sentence. *Perez*, 196 Or App at 373. That rationale applies equally to both the prison and post-prison supervision components of a sentence.

Reversed and remanded for resentencing; otherwise affirmed.