Argued and submitted May 26, sentences vacated; case remanded for resentencing;
otherwise affirmed June 22, 2005

STATE OF OREGON,
*Respondent,*

*v.*

TRACEY ESKEL BOGLE,
*Appellant.*

93C20795; A116076

114 P3d 541

James N. Varner argued the cause and filed the briefs for appellant. Tracey E. Bogle filed the supplemental brief *pro se.*

Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, argued the cause for respondent. On the opening brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Daniel J. Casey, Assistant Attorney General. On the supplemental brief was Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit.

Before Haselton, Presiding Judge, and Ortega, Judge, and Deits, Judge pro tempore.

PER CURIAM

## PER CURIAM

Defendant appeals his convictions and sentences for numerous crimes, raising six assignments of error concerning the validity of his convictions and three assignments of error concerning the validity of his sentences. We reject without discussion defendant's assignments of error challenging his convictions. In one of his assignments of error concerning sentencing, defendant argues that the imposition of a departure sentence based on a finding that he was on suspension at the time of the offense of kidnapping in the first degree violated the rule of law announced in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), that sentencing departure factors other than facts of prior conviction or facts admitted by the defendant must be submitted to a jury. Although defendant did not preserve his challenge, we have held that such error is apparent on the face of the record. *State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005). For the reasons set forth in *Perez*, we exercise our discretion to correct the error. Because that error requires resentencing on all counts, ORS 138.222(5), we need not address defendant's remaining challenges to his sentences. *State v. Muyingo*, 197 Or App 320, 105 P3d 899 (2005).

Sentences vacated; case remanded for resentencing; otherwise affirmed.