Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed January 7, appellant's petition for reconsideration filed January 27 and respondent's response to appellant's petition for reconsideration filed February 10 allowed by opinion March 4, 2009
See 226 Or App 327, 203 P3d 365 (2009)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AHMED MUYINGO,
aka Muyingo Ahmed Muyingo,
*Defendant-Appellant.*

Multnomah County Circuit Court
951038342; A118291

200 P3d 601

157

Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Muyingo*, 197 Or App 320, 105 P3d 899 (2005) (*Muyingo II*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Muyingo*, 345 Or 316, 195 P3d 63 (2008) (*Muyingo III*). In *Muyingo II*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed an upward departure sentence on one of defendant's convictions based on facts found by the court. That factfinding constituted plain error under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and we exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), to correct that error. *Muyingo II*, 197 Or App at 325-26. On remand, we must determine whether, in light of *Ramirez* and *Fults*, we correctly exercised our *Ailes* discretion in *Muyingo II*. As explained below, we now decline to exercise our discretion under *Ailes* to correct the erroneously imposed upward departure sentence. Given that conclusion, we must now address defendant's other challenges to his sentence that we did not reach in *Muyingo II*. We reject those remaining challenges and, accordingly, affirm.

As we recounted in *Muyingo II*, defendant challenges the imposition of a 59-month upward departure sentence imposed on one count (Count 19) of first-degree criminal mistreatment, ORS 163.205. 197 Or App at 322. The trial court imposed that sentence as a part of defendant's resentencing on 12 convictions for first-degree criminal mistreatment and one count of first-degree unlawful sexual penetration following our remand in *State v. Muyingo*, 171 Or App 218, 15 P3d 83 (2000), *rev den*, 332 Or 431 (2001) (*Muyingo I*).

In *Muyingo I*, defendant appealed from his convictions on 29 counts, including 12 counts of first-degree criminal mistreatment of four victims, 16 counts of various sex crimes involving one of the victims, S, and one count of unlawful sexual penetration involving another of the victims. *Muyingo I*, 171 Or App at 220-21. For those crimes, the trial court originally sentenced defendant to a total of 120-months'

incarceration, with some of the sentences to be served consecutively and some concurrently. *See Muyingo II*, 197 Or App at 322. As part of that original sentence, the trial court imposed a consecutive presumptive 32-month term of incarceration on Count 19. *Id.* Defendant assigned error to the trial court's denial pursuant to OEC 412(4)(a) to admit evidence of S's past sexual behavior, and we agreed that the trial court had so erred. *Muyingo I*, 171 Or App at 224-27.

We ultimately concluded in *Muyingo I* that defendant's convictions on the 16 counts charging sexual crimes against S required reversal, but we affirmed the criminal mistreatment convictions (including Count 19) and all other convictions pertaining to a second victim. 171 Or App at 228. Our disposition of the case stated: "Convictions on counts 20, 21, 24, 25, 28, 29, 32, 33, 36, 37, 38, 39, 40, 41, 42, and 43 reversed and remanded; otherwise affirmed." *Id.* The affirmed convictions included 12 counts of criminal mistreatment in the first degree, ORS 163.205. *Id.* at 221, 228.

On remand, following *Muyingo I*, the state opted not to reprosecute the 16 counts on which defendant's convictions had been reversed and remanded but, instead, moved to dismiss those counts. *See Muyingo II*, 197 Or App at 323. After the dismissal of those counts, the court then resentenced defendant on the counts that had been affirmed on appeal. The court stated:

"[T]he trial court assumed all 29 [convictions] were valid and sentenced the defendant to 24 concurrent sentences based on that assumption. [Defendant's] original sentence structured four sentences consecutive to Count 24 and included 24 concurrent sentences to yield incarceration for 120 months * * *. Consecutive sentences could have originally been imposed on all 29 counts totaling 957 months without departure, and up to 1842 months with departure.

"* * * * *

"* * * This court re-sentences defendant on Count 19 to 59 months in prison, consecutive to all other counts, with 36 months post-prison supervision."

Thus, in contrast to the original sentence, in which the trial court had imposed a consecutive presumptive sentence of 32 months for Count 19, on remand following

*Muyingo I*, the court imposed a consecutive upward durational departure sentence of 59 months for Count 19. The imposition of the upward departure was based on judicial determinations that that crime was "accomplished by threat of force," was perpetrated "against [a] vulnerable child victim," and "caused permanent physical and emotional injuries." *Muyingo II*, 197 Or App at 323 (internal quotation marks omitted; brackets in original). With that adjustment of defendant's sentence on Count 19, defendant's total consecutive sentences on remand (like defendant's original sentence) imposed 120-months' imprisonment. *Id.*

On appeal to us in *Muyingo II*, defendant raised (and now reiterates) three overarching challenges to the 59-month sentence imposed on Count 19. First, he argued that the trial court lacked authority on remand to modify his sentence on Count 19 because, in defendant's view, our remand in *Muyingo I* did not authorize resentencing on that count. Second, he asserted that, in any event, the modification of the sentence on Count 19 violates the principle of *State v. Turner*, 247 Or 301, 429 P2d 565 (1967), that a criminal defendant cannot receive a harsher sentence as a result of a successful appeal. Finally, defendant raised an unpreserved contention that the trial court had erroneously imposed an unconstitutional upward departure sentence on Count 19. Defendant contended that, under *Blakely*, that error was cognizable as an "error of law apparent on the face of the record," ORAP 5.45(1), and that we should exercise our discretion under *Ailes* to correct that error.

As noted, in *Muyingo II*, we agreed with defendant's third contention and, consequently, did not address the other two. Following the Supreme Court's remand, we now consider each of defendant's challenges.

■■ We begin, consistently with the Supreme Court's implicit direction on remand, by revisiting the basis of our disposition in *Muyingo II*. We particularly reconsider, in the light of *Fults* and *Ramirez*, our determination to exercise our discretion under *Ailes* to correct the unpreserved *Blakely*-based plain error in imposing an upward departure sentence on Count 19. Factors relevant to our decision whether to exercise our discretion under *Ailes* include the nature of the

case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes,* 312 Or at 381-83, 382 n 6. Other considerations pertaining specifically to putative resentencing include the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings. *Fults,* 343 Or at 523.

In this case, an extended discussion of our reasons, as informed by *Fults* or *Ramirez,* for declining to exercise discretion would not be of benefit to the bench, the bar, or the public. It suffices to say that, given the number, nature, and attendant circumstances of defendant's crimes, as established beyond any reasonable dispute in this record, a remand for resentencing would be gratuitous because it is patent that the trial court on remand could lawfully impose the same total sentence—and would, in fact, do so. *See State v. Smith (A133917),* 223 Or App 85, 90, 195 P3d 435 (2008) (declining to exercise *Ailes* discretion under similar circumstances).

We next consider defendant's alternative contention that the trial court lacked authority, following our remand in *Muyingo I,* to resentence defendant on Count 19. In support of that proposition, defendant first asserts that the trial court lacked such authority because the sentence originally imposed on Count 19 was "not the subject of the original [*Muyingo I*] appeal" and was "unaffected by the appeal." Those contentions are based on false premises. Defendant did, in fact, challenge Count 19 in *Muyingo I*—he challenged all of his convictions—and we affirmed the conviction on Count 19 without discussion. *Muyingo I,* 171 Or App at 228. Further, contrary to defendant's assertion, Count 19 was not "unaffected by the appeal." That is (without the double negatives), Count 19 *was* affected by the appeal and disposition in *Muyingo I.* That was, and is, necessarily so because of the operation of ORS 138.222(5) (2001). *See State v. Rodvelt,* 187 Or App 128, 66 P3d 577, *rev den,* 336 Or 17 (2003).

ORS 138.222(5) (2001), the iteration of that statute that was in effect upon remand and the trial court's consequent resentencing following *Muyingo I,* provided as follows:

"The appellate court may reverse or affirm a sentence. If the appellate court concludes that the trial court's factual

findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. *If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case.*"[1]

(Emphasis added.)

In *Rodvelt*, which concerned a trial court's failure to merge convictions, we explained that, when there is an error in the number of convictions for which a criminal defendant has been sentenced, that is an "error that requires resentencing," triggering the requirement in ORS 138.222(5) (2001) that the "entire case" be remanded for resentencing. 187 Or App at 136. We reasoned that the removal of some convictions from the total sentencing "package" can often affect how the remainder of the convictions in a case are classified for sentencing purposes: "[F]elony sentencing under the guidelines is complex, and the way that one conviction is sentenced affects how the remaining convictions are classified on the sentencing guidelines grid for purposes of determining what sentences may be imposed on those convictions." *Id.* at 132. Accordingly, when one or more of the convictions on which the trial court's original sentencing determination was predicated are removed from that calculus, but others are affirmed, the case must be remanded for resentencing. *Id.* at 133-36. Although, as noted, *Rodvelt* itself pertained to an erroneous failure to merge, its operative premise applies equally in this context.[2] Thus, upon the reversal in *Muyingo I*

---

[1] ORS 138.222(5) has been since amended. In 2005, *see* Or Laws 2005, chapter 563, section 1, the legislature added the following language, which is now codified at ORS 138.222(5)(b):

"If the appellate court, in a case involving multiple counts of which at least one is a felony, reverses the judgment of conviction on any count and affirms other counts, the appellate court shall remand the case to the trial court for resentencing on the affirmed count or counts."

That amendment effectively codified our construction of the prior version of the statute (the one that is applicable here) in *Rodvelt*.

[2] In fact, several of the hypothetical situations that we posited in *Rodvelt* involved situations in which convictions were reversed on appeal. 187 Or App at 133-35.

of some of the convictions upon which the original sentence was predicated, the "entire case" was, by operation of law, remanded for resentencing. ORS 138.222(5) (2001).

Defendant argues, nevertheless, that a broad construction of the term "case," as used in ORS 138.222(5) (2001)—a usage that continues in the current version of the statute—could lead to unlawful results because harsher sentences might be imposed after a successful appeal. *See generally Turner*, 247 Or at 315. He posits that "case," for purposes of that statute, can only mean separate counts that all stem from the same criminal episode, regardless of how many counts were in the indictment, or how many convictions there actually were before the sentencing court. We disagree.

Although the term "case" is not statutorily defined for purposes of ORS 138.222(5) (2001), defendant's proposed construction conflicts with the plain meaning of that term. In *State v. Cunningham*, 161 Or App 345, 985 P2d 827 (1999), we considered and rejected a party's argument that a criminal "case" meant simply "trial," and did not extend to an appeal after the trial was completed:

> "In examining the text of a statute, we give words of common usage their 'plain, natural and ordinary meaning' unless there is textual or contextual evidence that the legislature intended some other meaning to apply. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). The term 'case' has many meanings, most of which are broad and most of which are inapplicable to the legal context. Even within the legal context, though, the meaning of the word is not narrow:
>
> > " 'A general term for an action, cause, suit or controversy, at law or in equity; a question contested before a court of justice; an aggregate of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. A judicial proceeding for the determination of a controversy between parties wherein rights are enforced or protected, or wrongs are prevented or redressed; *any* proceeding judicial in its nature.' *Black's Law Dictionary*, 195 (5th ed 1979) (emphasis added).
>
> "The state points to no judicial opinion that has interpreted the term 'case' to refer only to a trial but not to a subsequent

appeal, and we are aware of none. In fact, the general usage of the term 'case' in Oregon law appears to be as broad as the dictionary definition quoted above. Not only do many judicial opinions refer to a 'case' on appeal, but ORS chapter 138, governing criminal appeals, also uses 'case' in this manner. ORS 138.222(5) states, in part:

> " 'If the appellate court determines that the sentencing court, in imposing a sentence *in the case*, committed an error that requires resentencing, the appellate court shall remand *the entire case* for resentencing. The sentencing court may impose a new sentence for any conviction in *the remanded case*.' (Emphasis added.)

> "Clearly, ORS 138.222(5) reflects an understanding that a criminal 'case' is still a 'case' even if it is on appeal or remand. Similarly, ORS 138.222(6) allows for 'summary disposition of *cases* arising under this section when no substantial question is presented by the appeal.' (Emphasis added.) *See also* ORS 19.435 (appellate courts 'may decide *cases*' by memorandum decisions)."

*Id.* at 351-52 (emphasis in original).

As expressed in our discussion in *Cunningham*, the term "case" as used in Oregon criminal statutes is a functional one. Moreover, it has a well-established meaning within the workings of the judicial system: A "case" is a legal proceeding that may have multiple components (*i.e.*, a criminal case may involve multiple charges, a civil case may have both claims and counterclaims) but those components are grouped together and proceed under the same case number.

All references to "case" in ORS chapter 138 comport with the functional understanding that "case," in the criminal context, includes all charges that are tried together. For example, ORS 138.012 provides that automatic and direct review of convictions and sentences of death have "priority over all other cases" in the Oregon Supreme Court. ORS 138.057(3) provides that, "[i]n any case in which only violations are charged," the state's ability to appeal is limited in certain respects. ORS 138.255(2)(c) specifies that, among the factors that the Supreme Court is to consider in determining whether to accept an appeal certified by this court is "[t]he extent to which the case presents a significant issue of law." Finally, as we noted in *Cunningham*, ORS 138.222(6) states

that this court is to issue written opinions whenever a judgment of a sentencing court is reversed and also "in any other case when the appellate court believes that a written opinion will provide guidance," and further provides for this court's "summary disposition of cases arising under this section when no substantial question is presented by the appeal." Defendant's limited construction of "case"—again, as "charges arising from the same criminal episode"—is inapposite in each of those contexts.

We note, further, that, under ORS 132.560(1)(b), charges stemming from different criminal episodes can proceed to trial together under the same case number.[3] That is, although ORS 132.560 does not use the term "case," it operates, functionally, to authorize the trial of charges arising from different criminal episodes as part of the same case.

In sum, in context, defendant's proposed construction of "case," as used in ORS 138.222(5) (2001), is implausible. Further, and contrary to defendant's contention, the common-sense construction of "case" that we endorse does not conflict with any constitutional constraints pertaining to resentencing on remand. To the extent that defendant's position in that regard rests on *Turner*, it fails for the reasons that we explained in *State v. Davis*, 216 Or App 456, 466-71, 174 P3d 1022 (2007), *rev den*, 344 Or 401 (2008). *See id*. at 469 ("Thus, the principle announced in *Turner* is, at least by its own terms, ultimately 'statutory' and not constitutional.").

Defendant next contends that, regardless of how ORS 138.222(5) (2001) is interpreted, the remand in the prior case simply did not permit resentencing, given the tag line: "Convictions on counts 20, 21, 24, 25, 28, 29, 32, 33, 36, 37, 38, 39, 40, 41, 42, and 43 reversed and remanded; otherwise affirmed." *Muyingo I*, 171 Or App at 228.

---

[3] ORS 132.560(1)(b) provides:

"Two or more offenses may be charged in the same charging instrument in a separate count for each offense if the offenses charged are alleged to have been committed by the same person or persons and are:

"(A)  Of the same or similar character;

"(B)  Based on the same act or transaction; or

"(C)  Based on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

That argument is, again, foreclosed by *Davis*. In *Davis*, the Oregon Supreme Court had affirmed a conviction for felon in possession of a firearm (FIP), but reversed and remanded a murder count for retrial. On remand, after the defendant had again been convicted of murder, the trial court refused to consider the defendant's argument that the sentence imposed on the FIP conviction after the first trial was erroneous under *Blakely*, concluding that it lacked authority to do so, and reimposed the same sentence on that conviction. 216 Or App at 460.

On appeal, we disagreed with the trial court's conclusion that it lacked authority, following remand, to consider the defendant's *Blakely*-based challenge to the upward departure sentence. We concluded that the Oregon Supreme Court's remand must be read consistently with ORS 138.222(5) (2001), and that, because the "entire case" was remanded, any conviction in the case—including the FIP conviction—could be resentenced. *Id.* at 473.

The same rationale applies equally here. Our remand in *Muyingo I* must be read consistently with the provisions of ORS 138.222(5) (2001)—and, under ORS 138.222(5) (2001), the trial court had the authority to resentence on any conviction in the case.

Finally, defendant contends that, under *Turner*, 247 Or at 315, the trial court was precluded from resentencing him on Count 19 because his right of appeal should not be limited "by requiring the defendant to risk a more severe sentence in order to exercise that right of appeal. ORS 138.020."[4] That argument is unavailing. Again, as we explained in *Davis*, *Turner* did not announce a constitutional principle; rather, it appears to have rested on the court's policy-predicated "gloss" on ORS 138.020—which antedated the original (1989) enactment of ORS 138.222(5)[5] by more than

---

[4] As noted above, this is not a situation in which the total sentence defendant was to serve was *increased* after remand. Rather, defendant contends that, because he prevailed in his prior appeal and certain convictions were set aside, he could not be resentenced to serve the same total amount of time that he received previously. That is, defendant argues that, under *Turner*, a successful appeal requires that a defendant receive a *lesser* sentence after remand. Defendant cites no case that supports that proposition.

[5] Or Laws 1989, ch 790, § 21.

20 years. Defendant does not explain how, or why, *Turner* compels either this court or the trial court to ignore the explicit statutory mandate of ORS 138.222(5) (2001) that, when we remand a "case" for resentencing, the court may impose a new sentence for any conviction. *See generally Davis*, 216 Or App at 469-71 (describing limitations of *Turner*, including with respect to subsequently enacted statutes).

In sum, we decline to exercise our discretion under *Ailes* with respect to the trial court's *Blakely*-based error in imposing the sentence on Count 19, and we conclude that the trial court did not otherwise err in imposing that sentence.

Affirmed.