On appellant's petition for reconsideration filed January 27, and respondent's response to appellant's petition for reconsideration filed February 10, reconsideration allowed; former opinion (225 Or App 156, 200 P3d 601(2009)) clarified and adhered to as clarified March 4, petition for review denied July 9, 2009 (346 Or 364)

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**AHMED MUYINGO,**
aka Muyingo Ahmed Muyingo,
*Defendant-Appellant.*

Multnomah County Circuit Court
951038342; A118291

203 P3d 365

Peter Gartlan, Chief Defender, Office of Public Defense Services, for petition.

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, for response.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

HASELTON, J.

**HASELTON, J.**

Defendant seeks reconsideration of our decision in *State v. Muyingo,* 225 Or App 156, 200 P3d 601 (2009) (*Muyingo IV*), arguing that this court misconstrued the record on appeal and, consequently, misunderstood one of his arguments. We conclude that, although one sentence in our prior opinion may have lacked clarity, we neither misconstrued the record nor misunderstood defendant's argument. Accordingly, we allow reconsideration to clarify that single sentence, and otherwise adhere to our prior opinion in *Muyingo IV.*

Rather than recount the lengthy procedural posture of this case, which is described in our prior opinion, 225 Or App at 158-60, we merely note the salient points that concern defendant's present petition for reconsideration. In this court's original opinion in 2000, we stated:

> "[Defendant] appeals from his convictions on 12 counts of criminal mistreatment I, ORS 163.205, two counts of rape II, ORS 163.365, two counts of rape III, ORS 163.355, six counts of sexual abuse I, ORS 163.427, six counts of sexual abuse III, ORS 163.415, involving victim S, and one count of unlawful sexual penetration, ORS 163.411, involving victim J."

*State v. Muyingo,* 171 Or App 218, 220-21, 15 P3d 83 (2000) (*Muyingo I*). The present appeal arose after resentencing on remand in *Muyingo I.* Defendant argued that convictions that had been affirmed in *Muyingo I* should not have been resentenced. *Muyingo IV,* 225 Or App at 161. We rejected that argument. In doing so, we noted that, in *Muyingo I,* defendant "challenged all of his convictions." *Id.* On reconsideration, defendant asserts that his assignments of error in *Muyingo I* pertained only to his convictions for the sexual offenses and not the criminal mistreatment counts.

■ Our statement in *Muyingo IV* that, in *Muyingo I,* defendant had "challenged all of his convictions" is imprecise. We did not intend to suggest that defendant in *Muyingo I* raised assignments of error challenging the validity of each of the convictions. Rather, the statements quoted above from *Muyingo IV*—and indeed from *Muyingo I*—should be properly understood as stating that defendant appealed from a

*judgment* that encompassed convictions for all of the crimes. In any event, the point is ultimately immaterial.

■       What the assignments of error concerned in *Muyingo I* has no effect on the outcome of this appeal. A criminal defendant does not appeal specific "counts" or convictions; appeal is taken from a *judgment* in a criminal proceeding. ORS 138.040; ORS 138.053. The judgment at issue in *Muyingo I* encompassed convictions for both the criminal mistreatment counts and for the sex-related counts. On appeal, this court may order reversal, affirmance, or modification of "the judgment." ORS 138.240. Accordingly, when this court disposes of a criminal appeal, the disposition encompasses all convictions and sentences contained in the judgment, regardless of whether specific assignments of error addressed those convictions or sentences. And, as we explained at length in *Muyingo IV*, 225 Or App at 161-66, when we have determined that there is a reversible error with respect to fewer than all of the convictions or sentences reflected in the judgment, we are required to "remand the case to the trial court for resentencing on the affirmed count or counts." ORS 138.222(5)(b). *See generally State v. Rodvelt*, 187 Or App 128, 66 P3d 577, *rev den,* 336 Or 17 (2003). We did so in *Muyingo I*, and upheld doing so in *Muyingo IV*.

       Reconsideration allowed; former opinion clarified and adhered to as clarified.