# IN THE COURT OF APPEALS OF IOWA

No. 15-2194
Filed January 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DERRICK GLENN SMITH JR.,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.

The defendant challenges his convictions and sentences. **CONVICTIONS**

**AFFIRMED, SENTENCE VACATED, AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

The State charged defendant Derrick Smith Jr. with two counts of attempted murder, two counts of willful injury causing serious injury, and two counts of intimidation with a dangerous weapon. The charges arose out of a shooting on the east side of Des Moines on the morning of June 8, 2015. Smith was driving his girlfriend's sport utility vehicle. His passenger and codefendant, Jamon Allen Jr. fired a handgun from the passenger side of the vehicle at Michi Palmer and Willie Taylor, striking and seriously injuring both of them. One of the errant bullets struck the residence of Johnetta Daye. Taylor and Palmer were visiting Daye. Danielle Looney, who was sleeping at Daye's residence at the time of the shooting, awoke to the gunfire. The matter came on for trial in October 2015. On the third day of trial, Smith and Allen pleaded guilty by way of *Alford v. North Carolina*, 400 U.S. 25, 37 (1970), to two counts of willful injury causing serious bodily injury, in violation of Iowa Code section 708.4(1) (2015), and intimidation with a dangerous weapon, in violation of Iowa Code section 708.6. The State agreed to dismiss the remaining counts. Smith now challenges his convictions and his sentences.

I.

Smith asserts three claims of ineffective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and article I, section 10 of the Iowa Constitution. Smith makes a generic assertion Iowa courts conduct a more stringent review of claims arising under the Iowa Constitution, but Smith provides no substantive guidance regarding the more stringent standard to be applied and no citation to any legal authority providing

any substantive guidance regarding the more stringent standard to be applied. In the absence of any substantive guidance or authority, we decline to apply a different standard to Smith's Iowa claims. *See State v. Edouard*, 854 N.W.2d 421, 452 (Iowa 2014) (Appel, J., concurring specially) ("Where a party raises issues under the Iowa Constitution and the Federal Constitution, but does not suggest a different standard be applied under the Iowa Constitution, we generally apply the federal standard."), *overruled on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 (Iowa 2016); *State v. Bohl*, No. 15-1546, 2016 WL 4543957, at *2 (Iowa Ct. App. Aug. 31, 2016) ("The right question, is not whether a state's guarantee is the same as or broader than its federal counterpart as interpreted by the Supreme Court. The right question is what the state's guarantee means and how it applies to the case at hand.").

To establish a claim of ineffective assistance of counsel, Smith must demonstrate "(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To establish counsel failed to perform an essential duty, Smith must establish "the attorney performed below the standard demanded of a reasonably competent attorney." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). The attorney's performance is measured against "prevailing professional norms," and it is presumed the attorney performed competently. *Id.* "A claim of ineffective assistance is more likely to prevail when counsel lacked diligence as opposed to the exercise of judgment." *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003). To establish prejudice, the defendant must show trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that

the defendant's conviction is unreliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires a showing "there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Collins v. State*, 588 N.W.2d 399, 402 (Iowa 1998) (citation omitted). In the context of a guilty plea, "to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Straw*, 709 N.W.2d at 138.

Smith's first claim is his guilty plea was not voluntarily and intelligently made because the district court failed to inform him of the nature of the charges to which he was pleading guilty. Specifically, Smith claims the district court failed to inform Smith of each and every element of the charges and his counsel was deficient in allowing the plea to go forward. As a general rule, a defendant's guilty plea waives all defenses and objections to a criminal proceeding except those intrinsic to the plea. *See Wise v. State*, 708 N.W.2d 66, 70 (Iowa 2006). The defendant's waiver includes claims of ineffective assistance of counsel except those bearing on the knowing and voluntary nature of the plea. *See State v. LaRue*, 619 N.W.2d 395, 398 (Iowa 2000). This is because "[f]undamental due process requires a guilty plea be voluntary and intelligent." *State v. Speed*, 573 N.W.2d 594, 597 (Iowa 1998) (citation omitted). Counsel thus breaches an essential duty resulting in prejudice when a defendant's guilty plea is not voluntarily and intelligently made. *See Meeker v. State*, No. 12-2292, 2014 WL 955988, at *2 (Iowa Ct. App. Mar. 12, 2014).

To ensure the defendant's guilty plea is voluntarily and intelligently made, the district court must inform the defendant of his constitutional rights, the nature of the charges, and the penal consequences of the guilty plea. *See* Iowa R. Crim. P. 2.8(2)(b). With respect to the specific challenge here, the district court should explain each of the elements of the offense or offenses to which the defendant is pleading guilty. *See Brainard v. State*, 222 N.W.2d 711, 714 (Iowa 1974). Although strict compliance is ideal, substantial compliance is acceptable. *See State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). Substantial compliance depends on the particular facts and circumstances of the case. *See State v. Victor*, 310 N.W.2d 201, 204 (Iowa 1981). "Lack of explanation of the elements of an offense is not reversible error if, under all the circumstances, it is apparent the accused understood the charge." *Id.*

We conclude the district court substantially complied with Rule 2.8 and the defendant understood the nature of the charges. First, the names of the offenses themselves are sufficiently self-explanatory to inform the defendant of the nature of the charges. *See id.*; *State v. Sanders*, No. 03-1734, 2004 WL 2169748, at *3 (Iowa Ct. App. Sept. 29, 2004) (concluding the "name of the crime itself" can satisfy the requirement the defendant understand the nature of the charge). Second, prior to trial, the district court held several pretrial conferences in the presence of the defendant, including an extensive pretrial conference regarding the plea offers made to the defendant. The nature of the charges and the penal consequences for the same were discussed extensively. Third, at the beginning of trial, in the presence of the defendant, the prosecutor read the trial information setting forth the elements of the offenses. *See State v. Cook*, No. 00-1560, 2001

WL 804063, at *2 (Iowa Ct. App. July 18, 2001) ("Where the trial information charges the offense in language containing the elements, no additional explanation may be required."). Fourth, the defendant sat through three days of trial, including the State's opening statement in which the elements of the offenses and the relevant evidence were again discussed. Fifth, the defendant's counsel stated he explained to the defendant the nature of the charges and the minutes of testimony. Sixth, the defendant admitted his counsel explained to him the minutes of testimony. *See State v. Readus*, No. 03-0642, 2004 WL 239928, at *1 (Iowa Ct. App. Feb. 11, 2004) (holding there was substantial compliance where the defendant read the trial information and minutes of testimony). The minutes "explicitly described in simple and easy-to-understand terms how the crime was committed." *State v. Oberbreckling*, 235 N.W.2d 121, 122 (Iowa 1975). Seventh, the defendant also agreed there would be sufficient evidence for a jury to return a guilty verdict. Under the circumstances, as in *Oberbreckling*, "[i]t cannot be seriously contended defendant did not understand the nature of the crime." *Id.*; *see State v. Catlett*, No. 14-0500, 2015 WL 408071, at *3 (Iowa Ct. App. Jan. 28, 2015) (holding defendant understand the nature of the charges where the "names of the offenses alone are descriptive enough" and the defendant agreed "the minutes of evidence for each charge were accurate").

Smith's second and third claims are related. Smith contends his guilty plea to intimidation with a deadly weapon was not supported by a factual basis in the record. Specifically, he challenges the factual basis for the element the defendant placed "occupants or people" in reasonable apprehension of serious

injury.[1]  *See* Iowa Code § 708.6; *State v. Ross*, 845 N.W.2d 692, 699 (Iowa 2014).  Smith also contends his plea was not voluntary and intelligent because of the lack of a factual basis.  The supreme court has explained the distinction between the two claims:

> The first strand, rooted in the right to effective assistance of counsel under the Sixth Amendment, requires competent advice.  It is a responsibility of defense counsel to ensure that a client does not plead guilty to a charge for which there is no objective factual basis.  It follows that no advice to plead guilty would be considered competent absent a showing of a factual basis to support the crimes to which the accused has elected to plead guilty.  Where counsel falls short, a Sixth Amendment violation is present.  The determination of whether there is a factual basis in the record to support the charge to which the defendant seeks to plead guilty is an objective inquiry that has nothing to do with the state of mind of the accused, but everything to do with the state of the record evidence.
>     The second strand, based on the Due Process Clauses of the Fifth and Fourteenth Amendments, requires the trial court to determine the defendant made a knowing and intelligent choice to waive constitutional rights, including the right to a jury trial, the right to protection against self-incrimination, the right to confront witnesses, and the right to plead guilty to the underlying crime.  Even overwhelming objective evidence of guilt that amply satisfies the factual-basis requirement of Rule 11 will not save a conviction when the subjective requirements of due process have not been met.  When a Fifth Amendment due process voluntariness claim based on a lack of factual basis is asserted, federal courts look on the record developed at the plea colloquy for evidence of the subjective state of mind of the defendant.  Reference to the minutes of testimony is irrelevant for the purposes of the voluntariness inquiry if the record does not show that the minutes were reviewed and accepted as true on the record by the defendant.

*State v. Finney*, 834 N.W.2d 46, 55 (Iowa 2013) (citations omitted).

We first address the objective inquiry.  A court must ensure a guilty plea is supported by a factual basis in the record.  *See* Iowa R. Crim. P. 2.8(2)(b).  This

---

[1] Here, the count to which Smith pled guilty was charged under the "building . . . occupied by another person" alternative.  *See* Iowa Code § 708.6.

is true for *Alford* pleas as well. *See State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999). Counsel breaches an essential duty by allowing a defendant to plead guilty where a factual basis does not exist, and prejudice is inherent. *See id.*

The record evidence shows there was a factual basis for Smith's guilty plea to intimidation with a dangerous weapon. The homeowner, Daye, testified she experienced the shots as loud pops but she was not sufficiently startled to undertake more than a cursory investigation before going back to sleep. In contrast, her guest, Danielle Looney, testified she "jumped up" in response to the gunfire. Smith relies on *State v. Rivas*, No. 03-0511, 2004 WL 57660, at *4 (Iowa Ct. App. Jan. 14, 2004), but that case is distinguishable. In that case, a witness, like Daye, "had no idea a gun was being fired or that he was potentially in danger." *Rivas*, 2004 WL 57660, at *4. However, here, Looney was startled by the gunfire, which she recognized as gunfire, and was concerned for her safety. Looney's testimony was sufficient to support a factual basis for this charge. *Cf. id.* at *3 (finding other witness's testimony he was awakened by a noise he believed to be thunder, learned it was gunfire, and was "scared" as a result sufficient to satisfy element).

We next address the subjective inquiry, and we conclude Smith's claim his plea was not voluntary and intelligent also fails. During the plea colloquy, Smith stated the minutes of testimony were explained to him. Smith was present when Daye and Looney testified regarding their reaction to the gunfire. Smith also acknowledged to the district court his guilty plea was voluntary and based on the

evidence presented at trial and the additional evidence that would have been presented based on the minutes of testimony:

> THE COURT: Based upon the advice you received from your attorney, seeing all the information that the State has presented so far at trial and will present at trial, is it your own decision, your voluntary decision to plead guilty?
> DEFENDANT SMITH: Yes, sir.

Under the circumstances, we cannot conclude the defendant is entitled to relief on this claim or his other claims challenging his convictions. *See, e.g.*, *State v. Williamson*, No. 15-0303, 2016 WL 4384484, at *2 (Iowa Ct. App. Aug. 17, 2016) (holding facts in record and admissions in guilty plea were sufficient to establish the defendant had a subjective understanding of the charge); *Taylor v. Hill*, No. 3:10-cv-00105-AC, 2012 WL 7070447, at *7 (D. Or. Nov. 28, 2012) (stating there was no credible evidence "it would have been beneficial to reject the mid-trial plea offer and proceed with a trial he was clearly losing").

II.

Smith contends his sentence is illegal. An illegal sentence may be corrected at any time and is not subject to normal rules of error preservation. *See State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009). Challenges to the legality of a sentence are reviewed for errors at law. *See State v. Sisk*, 577 N.W.2d 414, 416 (Iowa 1998).

As a result of Smith's guilty plea, the State dismissed the three remaining counts in the trial information. Smith was ordered to "pay restitution if restitution is due on any of the dismissed counts/cases" and "pay court costs on any dismissed counts/cases." The general rule is "that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be

recoverable under a restitution" unless the plea agreement provides to the contrary. *State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991) (holding "the provisions of Iowa Code section 815.13 and section 910.2 clearly require, where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan"). Here, the plea agreement was not of record. The assessment of costs for the dismissed charges was in violation of *Petrie*. *See id.*; *State v. Black*, No. 14-0886, 2016 WL 3010497, at *2 (Iowa Ct. App. May 25, 2016).

Although the assessment of costs for dismissed charges violates *Petrie*, it does not appear to violate the relevant statute. The *Petrie* court relied on Iowa Code sections 815.13 and 910.2. Iowa Code section 815.13 relates to the allocation of costs for criminal cases arising under county and municipal ordinances. *See* Iowa Code § 815.13 (providing "fees and costs" recoverable from the defendant are "witness fees and mileage in trials of criminal actions prosecuted by the county or city under county or city ordinance"). Section 815.13 is inapplicable here. *See State v. Klindt*, 542 N.W.2d 553, 555 (Iowa 1996) (explaining statute was enacted when the state assumed financial responsibility from the counties for financing the court system); *State v. Foth*, No. 14-1250, 2016 WL 719044, at *6 n.6 (Iowa Ct. App. Feb. 24, 2016) (explaining section 815.3 applies only "when the county or city prosecutes a case"). Iowa Code section 910.2 provides: "In all criminal *cases* in which there is a plea of guilty, verdict of guilty, or special verdict upon which a judgment of conviction is rendered, the sentencing court shall order that restitution be made by each

offender . . . to the clerk of court for . . . court costs." (Emphasis added.) There is nothing in the language of the controlling statute that requires the allocation of court costs on a charge-specific basis. To the contrary, the plain language of the statute provides the "sentencing court shall order" costs for "cases." The word "case" refers to a criminal proceeding and not the individual counts within a multicount trial information. *See State v. Foy*, No. 10-1549, 2011 WL 2695308, at *4 (Iowa Ct. App. July 13, 2011) ("The term 'case' is defined as 'all charges or allegations arising from the same transaction or occurrence or contained in the same trial information or indictment in a criminal proceeding.'" (citing Iowa Admin. Code r. 493-7.1)); *State v. Muyingo*, 200 P.3d 601, 605 (Or. Ct. App. 2009) ("A 'case' is a legal proceeding that may have multiple components (*i.e.*, a criminal case may involve multiple charges, a civil case may have both claims and counterclaims) but those components are grouped together and proceed under the same case number."). There is nothing in the statutes that requires or even allows the district court to allocate the costs as *Petrie* requires. To the contrary, the district court can assess costs for the entire "case" where there is a multicount trial information so long as there was a "judgment of conviction . . . rendered" on any count in the trial information. Iowa Code § 910.2.

In addition to being contrary to the text of the relevant statutes, *Petrie* is internally inconsistent. Sentencing is wholly a creature of statute. The district court can only impose a sentence authorized by statute. *See State v. Manser*, 626 N.W.2d 872, 875 (Iowa Ct. App. 2001) (noting the court's power to punish a defendant only extends as far as the Iowa Code authorizes). The *Petrie* court held the relevant statute did not allow the district court to assess against the

defendant costs associated with dismissed charges in a multicount trial information. The *Petrie* court went on to hold, however, the parties could agree to an assessment of costs for dismissed charges in the plea agreement. *See Petrie*, 478 N.W.2d at 622 ("We stress that nothing in this opinion prevents the parties to a plea agreement from making a provision covering the payment of costs and fees."). It is well established the parties cannot agree upon a statutorily unauthorized, or illegal, sentence. *See State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014) ("An illegal sentence is a sentence that is not permitted by statute."); *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000) ("Neither party may rely on a plea agreement to uphold an illegal sentence."). It cannot be true that the statute does not allow for the assessment of costs related to dismissed charges but the parties can agree to a sentence in which costs related to dismissed charges are assessed. If the statute does not authorize the assessment of costs for dismissed charges in a multicount trial information, then the provision in the sentencing order embodying the plea agreement is void. *See State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983) (stating "[a] sentence not permitted by statute is void").

Finally, allowing for the assessment of costs for dismissed charges in a multicount trial information would improve the administration of justice without material detriment to the criminal defendant. *Petrie* has proved to be an administrative burden without material benefit. In many cases, it is well-nigh impossible to determine which costs are associated with any particular count. *See, e.g., Commonwealth v. Soudani*, 165 A.2d 709, 711 ("We fail to perceive how the costs of prosecution in the instant case may be divided or apportioned

between the first and second counts of the indictment."). In addition, in many (perhaps most) cases, the costs are indivisible. As this court explained in a recent case:

> The fact that some counts were dismissed does not automatically establish that a part of the assessed court costs are attributable to the dismissed counts. Here, the record shows just the opposite. The combined general docket report prepared by the district clerk of court on December 10, 2015, two days after Johnson filed his notice of appeal, shows a total of $210 in court costs accrued as of that date. These costs would have been the same even had the State not charged Johnson with the counts later dismissed. Moreover, the record shows none of the assessed charges are clearly attributable or discrete to the dismissed counts. We therefore conclude the total court costs are clearly attributable to the counts to which Johnson pled guilty and, therefore, fully assessable to him.

State v. Johnson, No. 15-2101, 2016 WL 4802916, at *2 (Iowa Ct. App. Sept. 14, 2016). Further, Petrie provides no guidance on who is to determine the attribution of costs and the method of allocation. It is an inefficient use of judicial and administrative resources to vacate the defendant's conviction and remand this matter only to have the district court enter the same sentence because the plea agreement is made of record, enter effectively the same sentence because all of the costs are deemed relevant to all of the counts and are indivisible, or enter an order based on an arbitrary allocation of costs with little relationship to the actual costs of securing a conviction.

Nonetheless, this court is not at liberty to overrule supreme court precedent. See State v. Beck, 854 N.W.2d 56, 64 (Iowa 2014). We thus must vacate the defendant's sentence.

III.

For the foregoing reasons, we affirm the defendant's convictions. We vacate the defendant's sentence and remand this matter for the entry of a new sentencing order in accord with *Petrie*.

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED.**