Submitted on record and briefs February 28, April 25, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAUN VINCENT CARROLL,
*Defendant-Appellant.*

Marion County Circuit Court
01C-55069, 04C-40847, 04C-48432;
A126784 (Control), A126785, A126786

157 P3d 1193

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

## PER CURIAM

In this consolidated appeal, defendant appeals judgments of conviction for felony failure to appear, ORS 162.205, and possession of a controlled substance (PCS), *former* ORS 475.992 (2003), *renumbered as* ORS 475.840 (2005). In Case Number 04C-48432, the trial court imposed a sentence of 24 months' imprisonment plus 24 months' post-prison supervision (PPS). In both Case Number 01C-55069 and Case Number 04C-40847, the trial court imposed dispositional departure sentences of six months' imprisonment plus 12 months' PPS. All of defendant's sentences were ordered to be served concurrently. On appeal, defendant raises several assignments of error pertaining to his sentences in all three cases. At the outset, we reject defendant's assignments of error pertaining to his sentences in Case Number 04C-48432 without discussion.

Defendant also argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in Case Numbers 01C-55069 and 04C-40847 by imposing departure sentences that were based on facts not found by a jury or admitted by defendant. He concedes that he failed to make that argument below but asks that we review it as plain error.

We decline to do so. Defendant has already completed the incarceration portions of his sentences and is currently serving the three concurrent terms of PPS, *see* OAR 213-012-0040 (providing that multiple terms of PPS are served as a single term), all of which began on the day he was released from the incarceration portion of his sentence in Case Number 04C-48432. Even assuming that the departure sentences in Case Numbers 01C-55069 and 04C-40847 were plainly erroneous, *see State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev allowed*, 342 Or 256 (2007), we would not exercise our discretion to correct them. The terms of PPS imposed in those cases are entirely subsumed in the term of PPS imposed in Case Number 04C-48432, defendant's challenges

to which we have already rejected. As a result, no relief that we might grant in regard to his sentences in those cases could have any effect on the length of time that defendant is required to remain on PPS.

Defendant also advances other arguments, which we reject without discussion.

Affirmed.