Argued and submitted November 5, 2007, affirmed September 3, 2008

ROBERT DELAVEGA,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A129633

194 P3d 159

Michael E. Rose argued the cause for petitioner. With him on the brief was Steenson, Schumann, Tewksbury, Creighton and Rose, P.C.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

**ORTEGA, J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (board) establishing the expiration date of his term of post-prison supervision. We review the board's order for substantial evidence and to determine whether it is correct as a matter of law. ORS 183.482(8). We affirm.

In 2000, petitioner pleaded guilty to four counts of attempted sexual abuse in the first degree. ORS 161.405(1); ORS 163.427. The trial court sentenced him to terms of imprisonment of 16 months on the first count, 13 months on the second, 19 months on the third, and 25 months on the fourth. The trial court ordered that the sentences be served consecutively, for a total of 73 months. The court also ordered that petitioner's "term of post-prison supervision shall be for a period of five years minus the time served in all counts."

Petitioner received earned time sentence reductions for good behavior and was released from prison on April 18, 2005—58 months and 10 days after beginning his prison term.[1] The board established petitioner's post-prison supervision expiration date as June 15, 2009. Petitioner sought administrative review, contending that, under the terms of the trial court's judgment, he was required to serve only one month and 20 days of post-prison supervision—the five-year post-prison supervision term imposed by the court minus the total amount of time he had served in prison. The board rejected that claim, explaining that it had correctly calculated the length of petitioner's term of post-prison supervision by subtracting the time actually served by petitioner on each count from the applicable five-year maximum for each count, thereby determining that the resulting 50-month term on the second count was the proper term of his post-prison supervision.

Petitioner now seeks judicial review, asserting four assignments of error. In his first two assignments of error, he argues that, in setting his post-prison supervision date, the

---

[1] As a result of his earned time sentence reductions, petitioner served a term of imprisonment of 13 months on the first count, 10.5 months on the second, 15 months on the third, and 20 months on the fourth.

board misapplied the plain language of the sentencing judgment and, in doing so, violated the rule of law stated in *Gaynor v. Board of Parole*, 165 Or App 609, 996 P2d 1020 (2000). In his third assignment of error, defendant contends that the board's order has the effect of increasing the penalty for offenses for which he was convicted and thus violates Article I, section 12, of the Oregon Constitution, and the Fifth and Fourteenth Amendments to the United States Constitution. In his final assignment of error, defendant asserts that the board's order is not supported by substantial evidence.

We begin our discussion with defendant's first two assignments of error. In his combined argument, defendant contends that the trial court's sentencing judgment contemplated "a single term of [post-prison supervision] minus the time petitioner would serve on all of the counts, and the court's judgment in that regard was entirely consistent with and directed by the applicable rules." In support of that proposition, petitioner directs our attention to two administrative rules—OAR 213-012-0020(4)(a) and OAR 213-005-0002(2)—that he contends require that he serve "but a single term of [post-prison supervision] determined by the length of [post-prison supervision] for the primary offense, reduced in duration by the amount of time served in custody."[2] Petitioner

---

[2] OAR 213-012-0020(4)(a) (2000) provides:

"The supervision term of consecutive sentences shall be:

"(a) The presumptive post-prison supervision term imposed for the primary offense if the sentence for any offense includes a prison term[.]"

OAR 213-005-0002(2) provides, in part:

"The duration of post-prison supervision shall be determined by the crime seriousness category of the most serious current crime of conviction:

"(a) One year for Crime Categories 1-3, two years for Crime Categories 4-6 and three years for Crime Categories 7-11.

"(b) Notwithstanding section 2(a) of this rule, the following periods of post-prison supervision shall apply:

"* * * * *

"(C) For an offender sentenced for sexual offenses subject to ORS 144.103, the period shall be the maximum statutory indeterminate sentence for that violation less the term of imprisonment served."

"Primary offense" refers to "the offense of conviction with the highest crime seriousness ranking. If more than one offense of conviction is classified in the same crime category, the sentencing judge shall designate which offense is the primary offense." OAR 213-003-0001(17). As described above, petitioner was convicted of

contends that, consistent with those provisions, the trial court explicitly ordered that he serve a term of post-prison supervision of five years minus the time served on all counts. Furthermore, petitioner argues, the board's failure to establish the post-prison supervision term lawfully ordered by the sentencing judgment violates the legal principle identified in *Gaynor*.

The board responds that petitioner's understanding of the law is incorrect. According to the board, because petitioner was convicted of certain sex offenses, ORS 144.103 requires that his term of post-prison supervision be calculated based on each sex offense for which he was convicted. We agree with the board.

■■ The question of the proper calculation of petitioner's term of post-prison supervision is a question of statutory construction. Accordingly, we follow the familiar interpretative methodology of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), seeking to discern the enacting legislature's intent by examining the statute's text in context and, if necessary, its legislative history and other aids to construction.[3]

■ Petitioner was convicted on four counts of attempted first-degree sexual abuse, ORS 163.427. As a result, petitioner's term of post-prison supervision is determined by consulting OAR 213-005-0002(2)(b)(C) (2000), which provides:

"Notwithstanding section 2(a) of this rule [setting out one-, two-, and three-year post-prison supervision terms for various crime seriousness categories], the following periods of post-prison supervision shall apply:

"* * * * *

"(C)  For an offender sentenced for sexual offenses subject to ORS 144.103, *the period shall be the maximum statutory indeterminate sentence for that violation* less the term of imprisonment served."

---

four counts of attempted first-degree sexual abuse, an offense with a crime seriousness ranking of 6.

[3] Although the sentencing guidelines adopted by the Oregon Criminal Justice Commission are administrative rules, they are submitted to the Legislative Assembly for approval pursuant to ORS 137.667. Accordingly, they have the force of statutes. *State v. Langdon*, 330 Or 72, 74, 999 P2d 1127 (2000).

(Emphasis added.) The use of the singular nouns "sentence" and "violation" is significant. Those terms refer back to the plural phrase "sexual offenses subject to ORS 144.103" and indicate that an offender sentenced for any one of the several sexual offenses listed in ORS 144.103 must serve a term of post-prison supervision for that one offense equal to the maximum statutory indeterminate sentence prescribed for the offense minus the term of imprisonment that the offender has served on that offense. That is consistent with the wording of ORS 144.103(1) itself, which provides, in part:

> "[A]ny person sentenced to a term of imprisonment for violating or attempting to violate ORS 163.365, 163.375, 163.395, 163.405, 163.408, 163.411, 163.425 or 163.427 shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate *sentence* for the *violation*. * * *"

(Emphasis added.) The statute, like OAR 213-005-0002(2)(b)(C), establishes that an offender must serve a term of post-prison supervision equal to the maximum statutory indeterminate sentence minus the term of imprisonment served for each violation of ORS 163.427 or other sex offense.[4] It is true that an offender serving multiple prison terms nevertheless serves one combined term of post-prison supervision on his or her release. *See* OAR 213-012-0040(1) ("If the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term."). That is not to say however, that the calculation of the term of post-prison supervision mandated by ORS 144.103 and OAR 213-005-0002(2)(b)(C) is based on the aggregate total of the prison terms. The text of both the statute and the rule make clear that each term of post-prison supervision must be calculated separately, notwithstanding that the terms will, in effect, be served concurrently with each other pursuant to OAR 213-012-0040(1).

---

[4] Attempted first-degree sexual abuse is a Class C felony. ORS 161.405(2)(c); ORS 161.427. The maximum indeterminate sentence for a Class C felony is five years. ORS 161.605(3).

The contextual rules cited by petitioner do not yield a different result. Petitioner contends that OAR 213-012-0020(4)(a) and OAR 213-005-0002(2) required the trial court to sentence him to a single five-year term of post-prison supervision, reduced in duration by the total time served in prison. Petitioner is mistaken. First, nothing in either rule suggests that the trial court was required to impose a single term of post-prison supervision. The rules clearly contemplate situations in which a trial court *imposes* multiple terms of post-prison supervision. *See* OAR 213-012-0040(1). In those cases, an offender nevertheless *serves* a single term of post-prison supervision. *Id.* Second, OAR 213-012-0020 does not apply to petitioner. Because petitioner was convicted of various sex crimes, his term of post-prison supervision is determined by ORS 144.103, not OAR 213-012-0020. *See State v. Vedder*, 206 Or App 424, 429-31, 136 P3d 1128 (2006), *rev den*, 342 Or 417 (2007) (where a defendant has been convicted of a sexual offense listed in ORS 144.103, that statute prescribes the defendant's term of post-prison supervision).[5] The text of both ORS 144.103 and OAR 213-005-0002(2)(b)(C) makes clear that petitioner is to serve, albeit concurrently, a term of post-prison supervision for each violation of the statutes listed in ORS 144.103.

■      Moreover, the trial court's judgment, although not a model of clarity, is consistent with those statutory requirements. We are to presume that the trial court intended to enter judgment in accordance with the law. *See Bennett v. Bennett*, 208 Or 524, 529, 302 P2d 1019 (1956) (presuming that the trial court understood the law and intended to enter a valid judgment).

---

[5] In *Vedder*, we rejected the claim petitioner advances here—albeit in a different procedural posture. The defendant who had been convicted of one count of attempted aggravated murder, ORS 163.095, and three counts of sex crimes, ORS 163.375; ORS 163.405, argued that OAR 213-012-0020 required that his term of post-prison supervision be set at 36 months, the term prescribed for aggravated murder, the primary offense for which he had been convicted. The state responded that, because defendant had been convicted of sex offenses, his term of post-prison supervision was determined by ORS 144.103. *Vedder*, 206 Or App at 426-28. After examining the text and context of both provisions, we concluded that OAR 213-012-0020, which had been enacted before ORS 144.103, had been impliedly repealed by the latter provision. *Id.* at 429-31. Accordingly, the defendant's term of post-prison supervision—like petitioner's here—was determined by ORS 144.103.

Thus, petitioner's reliance on *Gaynor* is misplaced. In *Gaynor*, the petitioner had been convicted of murder. Although the sentencing guidelines required that he be sentenced to a lifetime term of post-prison supervision, the trial court erroneously imposed a 36-month post-prison supervision term. After the petitioner was released from prison, the board, *sua sponte*, extended the petitioner's term of post-prison supervision to life. *Gaynor*, 165 Or App at 611. The board argued that it had a statutory duty to follow the sentencing guidelines and that the guidelines required that the petitioner serve a lifetime term of post-prison supervision. *Id.* at 612. We rejected the board's argument, explaining that nothing in the board's enabling statutes or the sentencing guidelines authorized the board to extend the petitioner's term of post-prison supervision beyond the one imposed by the trial court. *Id.* at 613-14.

■ Here, the board did not extend the sentence imposed by the trial court. Rather, the board established an expiration date—and thus the length of petitioner's term of post-prison supervision—consistent with both the trial court's judgment and the law.

■ We turn next to the question of whether substantial evidence supports the board's order. Petitioner asserts that there is no evidence in the record from which the board could have established the end of the term of post-prison supervision as June 15, 2009. We disagree. As we explained above, the judgment, in accordance with the law, requires petitioner to serve a term of post-prison supervision for each violation of ORS 163.427 for which he was convicted. As noted earlier, evidence in the record demonstrates that petitioner served a term of imprisonment of 13 months on the first count, 10.5 months on the second, 15 months on the third, and 20 months on the fourth. Thus, petitioner was required to serve a term of post-prison supervision of 47 months on the first count, 49.5 months on the second, 45 months on the third, and 40 months on the fourth. However, under the sentencing guidelines, those multiple terms of post-prison supervision are to be served concurrently. *See* OAR 213-012-0040(1). Thus, the sentencing judgment, in accordance with the law, requires petitioner to serve 49.5 months of post-prison supervision.

The board's order establishes June 15, 2009, as the expiration date of petitioner's term of post-prison supervision. Because that date is 49.5 months after the end of petitioner's prison term, the order is supported by substantial evidence.

Defendant's remaining assignment of error—that the board's order violates the former jeopardy clauses of Article I, section 12, and the Fifth and Fourteenth Amendments—does not require discussion.

Affirmed.