Argued and submitted on July 30, 2009, affirmed August 25, 2010

## JOHN WILLIAM NORRIS,
### *Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
### *Respondent.*

### Board of Parole and Post-Prison Supervision
### A134552

238 P3d 994

Irene B. Taylor, Deputy Public Defender, argued the cause for petitioner. With her on the briefs was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Timothy A. Sylwester, Attorney-in-Charge, Capital Cases, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Deits, Senior Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (board) setting the expiration date of his term of post-prison supervision (PPS). We review the order for substantial evidence and errors of law, ORS 183.482(8), and affirm.

The material facts are straightforward and undisputed. In August 2000, petitioner pleaded guilty to one count of first-degree sexual abuse, ORS 163.427, and, on the same day but in a separate case, to one count of attempted first-degree rape, ORS 163.375, and to two counts of attempted first-degree sodomy, ORS 163.405.[1] On August 23, 2000, the trial court sentenced petitioner on the first-degree sexual abuse conviction to 75 months of incarceration and, pursuant to ORS 144.103 (1999), *amended by* Or Laws 2005, ch 513, § 2, Or Laws 2006, ch 1, § 2,[2] to PPS "for a period of 10 years minus the time served." On the attempted first-degree rape and sodomy convictions, the trial court imposed concurrent sentences for 34, 40, and 45 months' incarceration, respectively, and, again pursuant to ORS 144.103, PPS "for a period of 10 years minus the time served" on those convictions.

Petitioner completed his term of incarceration on May 16, 2006.[3] That same month, the board issued an "Order

---

[1] First-degree sexual abuse is a Class B felony, ORS 163.427(2). The maximum term of an indeterminate sentence of imprisonment for a Class B felony is 10 years. ORS 161.605(2). The mandatory minimum sentence upon conviction of first-degree sexual abuse is 75 months' imprisonment. ORS 137.700(2)(a)(P). Attempted rape in the first degree and attempted sodomy in the first degree are also Class B felonies, ORS 163.375(2), ORS 163.405(2), ORS 161.405(2)(b).

[2] ORS 144.103(1) (1999) provided, in part:

"Except as otherwise provided * * *, any person sentenced to a term of imprisonment for violating or attempting to violate * * * ORS 163.375 [rape in the first degree], * * * ORS 163.405 [sodomy in the first degree], * * * or ORS 163.427 [sexual abuse in the first degree] shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

All citations are to the 1999 version of ORS 144.103. However, none of the subsequent amendments to ORS 144.103 to date has any effect on our analysis.

[3] Petitioner received credit for the 190 days he spent incarcerated before the date of his sentencing, August 23, 2000, but did not begin serving his sentence on his convictions until August 25, 2000. According to the board's calculations, given those adjustments, petitioner completed his 34-month prison term on the

of Supervision Conditions" in which it calculated petitioner's terms of PPS on his crimes of conviction and set a final PPS expiration date of July 15, 2013. As described more fully below, the board's calculation was based on its determination that petitioner had 86 months' PPS to serve, representing the difference between the 10-year statutory maximum indeterminate sentence on the attempted first-degree rape conviction (120 months) and the 34 months petitioner actually served in prison for that crime. *See* 237 Or App at 3-4 n 3.

Petitioner timely sought administrative review of that order, contending that his PPS should terminate on February 12, 2010, and that the board's proposed expiration date unlawfully extended the *total time he will spend in prison and on PPS* to over 13 years—well beyond the 10-year maximum indeterminate sentences for each of his crimes, which were to be served concurrently.

The board rejected that claim. According to the board, petitioner must serve a PPS term on *each* of his convictions equal to the difference between the 10-year maximum indeterminate sentence on each conviction and the time served (and credit for time served) attributable to that conviction. In other words, the board reasoned that, because the trial court imposed 75 months' incarceration on the first-degree sexual abuse conviction, the PPS term attributable to that conviction is the 10-year maximum sentence for that conviction minus credit for time served, which results in a PPS term of 45 months. Similarly, the board determined that petitioner should serve a PPS term of 86 months on the attempted rape conviction, and PPS terms of 75 and 80 months, respectively, on the two attempted sodomy convictions. The board further reasoned that none of petitioner's PPS terms could begin until petitioner was released from custody on May 16, 2006. As a result, the board explained, petitioner's PPS term for the first-degree sexual abuse conviction would end on February 12, 2010, and his PPS terms for the two attempted first-degree sodomy convictions would

---

attempted first-degree rape conviction on December 14, 2002. He completed his 40- and 45-month prison terms on the attempted first-degree sodomy convictions on June 15, 2003 and November 14, 2003, respectively. According to the board, petitioner completed his 75-month prison term on the first-degree sexual abuse conviction on May 16, 2006.

expire on August 14, 2012, and January 13, 2013, respectively, while his 86-month PPS term on the attempted first-degree rape conviction would expire on July 15, 2013.

On review, petitioner maintains that the board erred in setting his PPS expiration date and advances several arguments in support of that proposition. *First*, petitioner suggests that, pursuant to OAR 213-012-0040(1),[4] petitioner's separate terms of PPS should have been subsumed into a single PPS term, specifically the 45-month term imposed on his "primary offense," the first-degree sexual abuse conviction. *Second*, petitioner contends that the board's proposed formulation extends his cumulative sentence to over 13 years, and, by doing so, unlawfully contravenes not only the trial court's judgment, which imposed *concurrent* sentences of 120 months on each conviction, but also statutory authority requiring that, where concurrent sentences are imposed, a defendant's combined terms of incarceration and PPS must not exceed the maximum statutory indeterminate sentences for those crimes. *Third*, and finally, petitioner suggests that, even if the PPS terms imposed on his convictions are not subsumed into a single 45-month term, his PPS should still have expired on February 12, 2010, because he began serving his PPS terms on the attempted rape and sodomy charges *before he was released from incarceration—i.e.*, while he was still serving the balance of his 75-month prison sentence on the first-degree sexual abuse conviction.

The board disputes each premise that petitioner posits. According to the board, ORS 144.103 requires trial courts to calculate and impose *separate* terms of PPS on *each* conviction to which it applies, as opposed to a single term of PPS pertaining to all such convictions collectively. As support for that understanding, the board invokes *Delavega v. Board of Parole*, 222 Or App 161, 166, 194 P3d 159 (2008), in which we held that ORS 144.103 and OAR 213-005-0002(2)(b)(C) (2000) require that "each term of post-prison supervision must be calculated separately, notwithstanding that the terms will, in effect, be served concurrently with each other

---

[4] OAR 213-012-0040(1) states, in part, that, "[i]f the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term."

pursuant to OAR 213-012-0040(1)." Further, the board contends that, although petitioner's terms of PPS on each of his convictions run concurrently, none of those terms commenced until petitioner was released from custody. Accordingly, in the board's view, petitioner did not start serving his 86-month term of PPS on the attempted first-degree rape conviction until he was released on May 16, 2006—and, thus, July 15, 2013, is the proper PPS expiration date.

██ ██    With the dispute so framed, this case requires us to revisit the interplay between certain administrative rules pertaining to sentencing, particularly OAR 213-005-0002(2)(b)(C), which governs the calculation of petitioner's PPS, and ORS 144.103, which mandates extended PPS terms on certain criminal offenses. OAR 213-005-0002(2)(b)(C) provides:

> "Notwithstanding section (2)(a) of this rule [setting out PPS terms for various crime seriousness categories], the following periods of post-prison supervision shall apply:
>
> "* * * * *
>
> "(C)   The duration of the term of post-prison supervision as designated in ORS 144.103."[5]

ORS 144.103, in turn, provided, in pertinent part:

> "Except as otherwise provided * * *, any person sentenced to a term of imprisonment for violating or attempting to violate * * * ORS 163.375 [rape in the first degree], * * * ORS 163.405 [sodomy in the first degree], * * * or ORS 163.427 [sexual abuse in the first degree] shall serve a term of post-prison supervision that shall continue until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

We recently construed an earlier version of OAR 213-005-0002(2)(b)(C) and ORS 144.103 in the context of calculating a term of PPS with regards to consecutively imposed

---

[5] Although the sentencing guidelines adopted by the Oregon Criminal Justice Commission are administrative rules, because they are submitted to the legislature for approval, they have the force of statutes. *State v. Langdon*, 330 Or 72, 74, 999 P2d 1127 (2000).

sentences in *Delavega*.[6] 222 Or App 161. In that case, the petitioner had pleaded guilty to four counts of attempted first-degree sexual abuse, a Class C felony for which the maximum indeterminate sentence is five years. *Id.* at 163; ORS 161.405(2)(c); ORS 163.427; ORS 161.605(3). The trial court had sentenced the petitioner to four consecutive terms of imprisonment of 16, 13, 19, and 25 months on those counts— a total of 73 months' incarceration. *Delavega*, 222 Or App at 163. The trial court had also ordered a term of PPS "for a period of five years minus the time served in all counts." *Id.*

The petitioner was released from prison after 58 months and 10 days, on April 18, 2005, having served 13 months on the first count, 10.5 months on the second count, 15 months on the third count, and 20 months on the fourth count, as a result of earned-time sentence reductions. *Delavega*, 222 Or App at 163 n 1. The board set the petitioner's PPS expiration date as June 15, 2009, approximately 50 months after the petitioner was released from incarceration. *Id.* at 163. In setting that date, the board

> "calculated the length of petitioner's term of post-prison supervision by subtracting the time actually served by petitioner on each count from the applicable five-year maximum for each count, thereby determining that the resulting 50-month term on the second count was the proper term of his post-prison supervision."

*Id.*

The petitioner sought administrative review of that decision, contending that he was required to serve only one month and 20 days of PPS—*i.e.*, the difference between the five-year maximum indeterminate sentence for each count

---

[6] In 2000, OAR 213-005-0002(2)(b)(C) provided:

"Notwithstanding section (2)(a) of this rule, the following periods of post-prison supervision shall apply:

"* * * * *

"(C) For an offender sentenced for sexual offenses subject to ORS 144.103, the period shall be the maximum statutory indeterminate sentence for that violation less the term of imprisonment served."

Although the text of the present version of OAR 213-005-0002(2)(b)(C) differs from that construed in *Delavega*, the amended language does not effect a substantive change. Both versions of OAR 213-005-0002(2)(b)(C) require that an offender's term of post-prison supervision be calculated as set out in ORS 144.103.

and the *total* (consecutive) amount of time he had served in prison. *Id.* The board rejected that argument and the petitioner sought judicial review. *Id.*

On judicial review, we held that the board had correctly calculated the petitioner's PPS term by subtracting the time the petitioner served on *each* count from the five-year maximum term of PPS attributable to each. In so holding, we construed both OAR 213-005-0002(2)(b)(C) (2000) and ORS 144.103, and concluded that they

> "establish[ ] that an offender must serve a term of post-prison supervision equal to the maximum statutory indeterminate sentence minus the term of imprisonment served *for each violation of ORS 163.427 or other sex offense* [enumerated in ORS 144.103]. It is true that an offender serving multiple prison terms nevertheless serves one combined term of post-prison supervision on his or her release. *See* OAR 213-012-0040(1) ('If the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term.'). *That is not to say however, that the calculation of the term of post-prison supervision mandated by ORS 144.103 and OAR 213-005-0002(2)(b)(C) is based on the aggregate total of the prison terms. The text of both the statute and the rule make clear that each term of post-prison supervision must be calculated separately, notwithstanding that the terms will, in effect, be served concurrently with each other pursuant to OAR 213-012-0040(1).*"

*Id.* at 166 (footnote omitted; emphasis added).

The principle underlying our decision in *Delavega*—that the PPS terms on individual convictions must be calculated separately with respect to each conviction—applies with equal force in this case. Although *Delavega* pertained to the calculation of PPS in the context of consecutive, not concurrent, sentences, nothing in the text of OAR 213-005-0002(2)(b)(C) or ORS 144.103 limits that principle to the consecutive sentence context. Accordingly, where ORS 144.103(1) applies, an offender's term of post-prison supervision is calculated by reference to the maximum indeterminate sentence applicable to *each* crime of conviction minus the amount of time the offender was actually incarcerated *on that crime. Delavega*, 222 Or App at 166.

█    In arguing to the contrary, and asserting that he should be subject only to a single, 45-month PPS term based on his "primary offense,"[7] the first-degree sexual abuse conviction, petitioner invokes OAR 213-012-0040(1). That reliance is misplaced. OAR 213-012-0040(1) provides, in relevant part, that, where an "offender has been *sentenced* to multiple terms of post-prison supervision, the terms of post-prison supervision shall be *served* as a single term." (Emphasis added.) That rule merely provides that, where multiple terms of PPS are imposed, those terms shall be *served* concurrently—that is, even in cases in which consecutive sentences have been imposed, the separate PPS terms on each conviction cannot be "stacked." *See Delavega*, 222 Or App at 167 (citing OAR 213-012-0040(1) in support of conclusion that, where a trial court *imposes* multiple terms of post-prison supervision, offender nevertheless *serves* them concurrently). Further, nothing in OAR 213-012-0040(1) refers to an offender's "primary offense," much less mandates "merger" of an offender's terms of PPS according to his or her "primary offense."[8]

█    We also reject petitioner's alternative contention that, even if he was properly subject to separate terms of PPS on each of his convictions, his service of PPS on each of those convictions began when he completed the term of incarceration on that conviction, even if he was still incarcerated pursuant to other concurrent sentences. Thus, petitioner reasons, he began to serve the 86-month term of PPS on his conviction for attempted first-degree rape as soon as he

---

[7] "Primary offense" is defined to mean "the offense of conviction with the highest crime seriousness ranking. If more than one offense of conviction is classified in the same crime category, the sentencing judge shall designate which offense is the primary offense." OAR 213-003-0001(17).

[8] The "primary offense" language petitioner alludes to appears in OAR 213-012-0020(4)(a), which provides, in part, that "[t]he supervision term of consecutive sentences shall be * * * [t]he presumptive post-prison supervision term imposed for the primary offense." By its terms, that administrative rule generally governs the calculation of PPS in circumstances where consecutive sentences are imposed. *But see State v. Vedder*, 206 Or App 424, 430-31, 136 P3d 1128 (2006), *rev den*, 342 Or 417 (2007) (concluding that, in the circumstances presented in that case, ORS 144.103(1), not OAR 213-012-0020(4)(a), governed the calculation of PPS). *See also Delavega*, 222 Or App at 167 n 5 (discussing *Vedder*). In any event, by its terms, OAR 213-012-0020(4)(a) has no application to petitioner, who received concurrent, not consecutive, sentences.

completed the 34-month incarceration term on that conviction, notwithstanding that he continued to be in prison, pursuant to the incarceration terms on his other convictions, including the 75-month prison term for first-degree sexual abuse. Similarly, petitioner posits, he began to serve *seriatim* the PPS terms on each of his other convictions as soon as his term of incarceration on each conviction ended—the latest being the 45-month prison term upon his completion of the 75-month prison term for first-degree sexual abuse. The practical consequence of that construct would be that each, and all, of petitioner's concurrent 10-year sentences would, in fact, be fully served within 10 years.

■ That proposition, however appealing, depends on an indefensible first premise: An offender cannot begin to serve some PPS while still lawfully incarcerated. The statutes and rules governing *post*-prison supervision are all patently predicated on the contrary premise: PPS pertains exclusively to supervision of the offender following release from lawful incarceration. *See, e.g.*, ORS 144.096 (discussing the contents of a plan for an offender's release from prison in the context of post-prison supervision); ORS 144.102(1) (providing that an offender shall be provided a copy of their conditions of post-prison supervision "upon release from prison or jail"); OAR 213-005-0002(1) (describing post-prison supervision as "community supervision"); OAR 213-005-0003 (stating that, "[w]hen a term of post-prison supervision is imposed as part of a sentence, the offender shall serve the term of supervision in the community"); OAR 213-011-0003 (providing for the adjustment of the level of supervision over an offender depending on the offender's "conduct in the community"); OAR 213-011-0004 (discussing possible sanctions for violations of conditions of post-prison supervision, including incarceration). Our case law further underscores our understanding. *See, e.g.*, *State v. Carroll*, 212 Or App 317, 318, 157 P3d 1193 (2007) (noting that the defendant's multiple terms of PPS, following prison terms of various lengths, "all * * * began on the day he was released from the incarceration portion of his sentence").

*Baty v. Slater*, 161 Or App 653, 984 P2d 342 (1999), *adh'd to on recons*, 164 Or App 779, 995 P2d 1176, *rev den,*

331 Or 191 (2000), which petitioner invokes, is not to the contrary. In *Baty*, the petitioner sought habeas corpus relief, contending that the defendant had unlawfully extended his term of incarceration by improperly failing to give him credit for time served. *Id*. at 655. While the petitioner's appeal from the trial court's dismissal of the habeas petition was pending, the petitioner was released from incarceration onto post-prison supervision. *Id*. The defendant contended that the petitioner's release from prison rendered the appeal moot, regardless of whether the petitioner's incarceration had been unlawfully extended, and the petitioner countered that the dispute was not moot because, but for the defendant's alleged unlawful extension of his incarceration, his service of PPS would have begun, and would end, earlier. *Id*. at 655-56. We agreed with the petitioner, *id*. at 657, and, in reinstating that disposition on reconsideration, we rejected the defendant's argument that the "post-prison supervision term *must* begin on actual release from prison and that the term of imprisonment continues until that event occurs." 164 Or App at 781 (emphasis in original).

Here, petitioner points to that quoted language as substantiating his position that he could, and did, begin serving his terms of PPS on various of his convictions even as he remained incarcerated on others. *Baty* does not, however, bear such weight. The critical inquiry there, in the habeas corpus context, pertained to the collateral consequence of an allegedly unlawful extension of the petitioner's incarceration. Nothing in our analysis or disposition in *Baty*[9] anticipated or purported to address the question presented here—the proper calculation of PPS subsequent to a period of lawful incarceration.[10]

[9] Or in *Williamson v. Schiedler*, 196 Or App 302, 306-07, 101 P3d 364 (2004).

[10] Indeed, if petitioner's understanding of *Baty* were correct, our decision in *Delavega* was necessarily incorrect. If it were possible for offenders to serve their terms of PPS on some offenses while still serving the balance of their terms of incarceration on other offenses, then the term of PPS following the service of consecutive sentences would depend, fortuitously, on the ordering of the consecutive sentences—that is, if the sentence with the longest period of PPS were the first in the sequence of consecutive sentences, the result, with respect to the period of supervision after a petitioner's release from prison, would be very different then if that sentence were the last in the consecutive sequence. However, in *Delavega*, the operative principle was that the offender was obligated under ORS 144.103(1) to serve the longest of his terms of PPS after being released from incarceration. 222 Or App at 167, 169.

We thus conclude that the board did not err in this case. In particular, we agree with the board's determination that petitioner was required to serve PPS terms ranging from 45 to 86 months on his convictions and, further, that petitioner did not begin to serve any of those PPS terms until he was released from incarceration on May 16, 2006. As a result, the board correctly concluded that petitioner's PPS properly expires on July 15, 2013, 86 months after his release date.

We acknowledge that the result may seem—and, perhaps, may be—incongruous. As noted, the trial court imposed four *concurrent* 10-year sentences and, by virtue of the board's order, by the time petitioner completes his PPS, he will have been incarcerated and then subject to PPS for a total of more than 13 years. We also fully appreciate another anomaly—which petitioner does not posit—*viz.*, that petitioner is actually in a worse position by virtue of having committed the least serious of his offenses (which yielded the longer terms of PPS) than he would have been if he had, instead, committed four acts of first-degree sexual abuse (and received concurrent sentences on each of the consequent convictions). In the latter case, petitioner's combined incarceration and PPS would have ended within 10 years, rather than the more than 13 years that he is subject to here.

Such anomalies notwithstanding, under the board's order, petitioner is not serving a sentence exceeding the 10-year maximum indeterminate term on any of his separate convictions. Rather, on each of the sentences, the combination of the incarceration term and the term of PPS is 10 years. Most vividly, with respect to petitioner's sentence for attempted first-degree rape, the combination of petitioner's 34-month term of incarceration and his 86-month term of PPS, as mandated by ORS 144.103(1),[11] which necessarily could not begin until petitioner's release from prison and will not be completed until July 15, 2013, does not exceed 10 years. The board did not err.

Affirmed.

---

[11] Again, as we held in *Delavega*, 222 Or App at 166, ORS 144.103(1) requires the imposition in this context of "a term of post-prison supervision for [each] offense equal to the maximum statutory indeterminate sentence prescribed for the offense minus the term of imprisonment that the offender has served on that offense."