Submitted August 26, 2010, affirmed August 17, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID JAVIER DIAZ-GUILLEN,
*Defendant-Appellant.*

Washington County Circuit Court
C072421CR; A140727

261 P3d 80

Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Pamela J. Walsh, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Landau, Judge pro tempore.

SERCOMBE, J.

## SERCOMBE, J.

Defendant, who was convicted of two counts of attempted aggravated murder, ORS 163.095; two counts of assault in the first degree, ORS 163.185; two counts of unlawful use of a weapon, ORS 166.220; one count of burglary in the first degree, ORS 164.225; one count of felon in possession of a firearm, ORS 166.270; and two counts of tampering with a witness, ORS 162.285, appeals the trial court's judgment of conviction and sentence. He assigns error to the trial court's denial of his motion for judgment of acquittal on the second count of tampering with a witness (Count 9); the imposition of sentences that exceeded the statutory maximum for Class C felonies on the first count of tampering with a witness (Count 2) and both counts of unlawful use of a weapon (Counts 1 and 4);[1] and the imposition on Counts 2 and 4 of firearm minimum sentences under ORS 161.610,[2] after the trial court had already imposed a firearm minimum sentence on Count 1. For the reasons that follow, we affirm.

In support of his first assignment of error, regarding the denial of his motion for judgment of acquittal on Count 9, defendant argues that evidence in the record that defendant told an acquaintance, Vaughan, to deny that defendant had

---

[1] ORS 161.605 provides, in part:

"The maximum term of an indeterminate sentence of imprisonment for a felony is as follows:

"* * * * *

"(3)  For a Class C felony, 5 years."

[2] ORS 161.610 provides, in part:

"(4)  The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a)  Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 10 years.

"(b)  Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection or subsection (5) of this section, 10 years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 20 years.

"(c)  Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

been with him after the commission of other crimes is insufficient to establish, as required for a violation of ORS 162.285(1)(a),[3] that defendant specifically and reasonably believed that Vaughan would be called as a witness in an official proceeding and that defendant was consciously attempting to induce Vaughan to perjure himself in that proceeding. The state responds that that claimed error is unpreserved; we agree.

Generally, we will not consider on appeal an issue not preserved before the trial court. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). To preserve a claim of error, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Id.* at 343.

In this case, Count 9 of the indictment charged defendant with tampering with a witness, ORS 162.285, and alleged that defendant "did unlawfully and knowingly attempt to induce * * * [Vaughan], a person the said defendant believed may be called as a witness in an official proceeding[,] to offer false testimony and unlawfully withhold testimony." Following the state's case-in-chief, defendant moved for judgment of acquittal on Count 9 and argued that

"the State has failed to prove [the] essential elements of tampering with a witness as to Mr. Vaughan. The only evidence we heard on that, that issue was a statement allegedly by [defendant] that [defendant] wasn't at that apartment. *There was no evidence of any attempt to manipulate or tell Mr. Vaughan how to talk to anybody*, just a statement by [defendant] that 'I wasn't there' and, you know, that's—that's not sufficient, I believe, for a reasonable fact finder to find tampering with a witness."

(Emphasis added.) In denying defendant's motion, the trial court explained:

---

[3] ORS 162.285 provides, in part:

"(1) A person commits the crime of tampering with a witness if:

"(a) The person knowingly induces or attempts to induce a witness or a person the person believes may be called as a witness in any official proceeding to offer false testimony or unlawfully withhold any testimony[.]"

"Concerning the tampering with a witness for Count 9 as to Mr. Vaughan, not only did [defendant] tell Mr. Vaughan, according to Mr. Vaughan's testimony, that has not been refuted in any way, not only was [Mr. Vaughan] told that [defendant] wasn't there, but Mr. Vaughan was additionally told, 'Did you get it? You get it?'

"Well, it's the 'get it' part which sends the message pretty clearly as to what [Mr. Vaughan] was supposed to get and that was he was supposed to lie and say that [defendant] was not there, when, in fact, [defendant] was there. And so there is sufficient evidence to send that count to the trier of fact."

On appeal, defendant acknowledges that he "did not want anyone to provide information that would result in his arrest." However, he contends that "[t]here is no evidence from which a rational trier of fact could conclude beyond a reasonable doubt that he was thinking about official proceedings that might follow his capture" and that, "[t]o be guilty of tampering, defendant's conscious objective would have had to have been to get [Vaughan] to lie under oath in an official proceeding." According to defendant, "[t]he evidence does not support a conclusion that defendant was thinking about official proceedings, much less thinking about [Vaughan] as a potential witness at them." In support of his argument on appeal, defendant relies on *State v. Bailey*, 346 Or 551, 565, 213 P3d 1240 (2009) (to constitute the crime of tampering with a witness, "the offender's knowing inducement or intended inducement must reflect, either directly or by fair inference, that the offender at that time specifically and reasonably believes that the [person] will be called to testify at an official proceeding").

Defendant's motion below focused on whether there was sufficient evidence to prove that defendant attempted to induce Vaughan, who was called as a witness at trial, to lie to "anybody." Defendant's argument below failed to specifically identify for the trial court the issue that he now raises on appeal: whether there was sufficient evidence to prove that defendant attempted to induce Vaughan to lie "under oath in an official proceeding." Put another way, defendant below was challenging the sufficiency of the evidence as to whether he attempted to induce Vaughan *to lie at all*, while defendant

on appeal challenges the sufficiency of the evidence as to whether he attempted to induce Vaughan to lie *in an official proceeding*. The gravamen of defendant's challenge before the trial court was substantially different from defendant's challenge on appeal and does not adequately preserve it. Therefore, we do not consider the merits of defendant's first assignment of error.

Defendant concedes that he did not preserve his remaining assignments of error regarding the imposition of his sentences on Counts 1, 2, and 4, but he nonetheless argues we should correct those errors as plain error under ORAP 5.45(1). Error is apparent on the face of the record if (1) the error is one of law; (2) the error is "apparent," in that the "legal point is obvious, not reasonably in dispute"; and (3) the error appears "on the face of the record" so that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Further, even if an error is apparent on the face of the record, we must then determine whether to exercise our discretion to reach the error and correct it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). When making that determination, we may consider

> "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Id.* (citations omitted). In addition, regarding sentencing errors,

> "we consider whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding unnecessary, repetitive sentencing proceedings."

*State v. Medina,* 234 Or App 684, 687, 228 P3d 723 (2010) (citing *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007)).

Here, defendant argues that the trial court erred by imposing sentences on Counts 1, 2, and 4 in excess of the statutory maximum term of imprisonment of five years (60 months) for a Class C felony.[4] *See* ORS 161.605(3). On each count, the trial court imposed a 60-month term of imprisonment plus a 24-month term of post-prison super-vision. Defendant also argues that the trial court erred by imposing firearm minimum sentences of five years (60 months) under ORS 161.610(4)(a) on Counts 2 and 4, after the trial court had already imposed such a sentence on Count 1.

The state concedes the errors. *See* OAR 213-005-0002(4) ("The term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."); *State v. Johnson*, 220 Or App 504, 506, 187 P3d 742 (2008) (agreeing with the parties that "the trial court plainly erred in impos-ing the post-prison supervision terms such that defendant's sentences * * * each exceeded 60 months"); *see also State v. Hardesty*, 298 Or 616, 618-19, 695 P2d 569 (1985) (multiple minimum sentences cannot be imposed under ORS 161.610 when a single trial results in convictions of more than one firearm felony). We agree with, and accept, the state's concessions.

Nevertheless, the state argues that we should not exercise our discretion under *Ailes* and *Fults* to correct those sentencing errors because the trial court ran the erroneous sentences concurrently with other lawful sentences, such that the errors were harmless and not grave. Further, the state argues that the record indicates that the trial court would be unlikely to impose an overall sentence more lenient to defendant and, accordingly, remanding this case for resentencing would result in unnecessary, repetitive sen-tencing proceedings.

---

[4] Counts 1 and 4, for unlawful use of a weapon, were Class C felonies. *See* ORS 166.220(3). Count 2, for tampering with a witness, was also a Class C felony. *See* ORS 162.285(2).

Here, the trial court ordered defendant to serve the 60-month prison sentences on Counts 1 and 2 concurrently with each other and with the sentences imposed on Counts 3 and 11, which were 72-month and 19-month terms of imprisonment, respectively. The court also ordered defendant to serve the 60-month prison sentence on Count 4 consecutively to the sentences imposed on Counts 1, 2, 3, and 11, but concurrently with the sentences imposed on Counts 6 and 7, which were 130-month and 90-month terms of imprisonment, respectively. After imposing other consecutive sentences on the remaining counts, for a total prison sentence of 357 months, the court further ordered that 24-month terms of post-prison supervision be imposed on Counts 1, 2, 4, 9, and 11, and 36-month terms of post-prison supervision be imposed on the remaining counts.

Defendant's multiple terms of post-prison supervision will commence following his release from lawful incarceration, *i.e.*, after he has completed his 357-month term of imprisonment. *See Norris v. Board of Parole*, 237 Or App 1, 10, 238 P3d 994 (2010), *rev den*, 350 Or 130 (2011) ("[Post-prison supervision] pertains exclusively to supervision of the offender following release from lawful incarceration." (Citations omitted.)). Moreover, those post-prison supervision terms will be served concurrently pursuant to OAR 213-012-0040(1) (providing that, where an "offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term"). *See also Norris*, 237 Or App at 9 ("That rule merely provides that, where multiple terms of [post-prison supervision] are imposed, those terms shall be served concurrently—that is, even in cases in which consecutive sentences have been imposed, the separate [post-prison supervision] terms on each conviction cannot be 'stacked.'" (Emphasis and citation omitted.)).

Because the unlawful sentences imposed on Counts 1, 2, and 4 will run concurrently with other longer and lawful sentences—both with respect to the terms of imprisonment and the terms of post-prison supervision—we agree with the state that the trial court's errors in imposing sentences on those counts, in excess of the statutory maximum sentence

authorized by ORS 161.605(3), were harmless. Moreover, for the same reason, we agree with the state that the trial court's errors in imposing firearm minimum sentences on Counts 2 and 4 also had no practical effect on defendant and were harmless.[5] *Cf. State v. Cleveland*, 148 Or App 97, 939 P2d 94, *rev den*, 325 Or 621 (1997) (remanding for resentencing where multiple firearm sentences affected the length of imprisonment). Finally, as noted by the state, the record indicates that the trial court would be unlikely to impose an overall sentence more favorable to defendant were we to remand this case for resentencing.[6] *Compare State v. Toquero*, 228 Or App 547, 553-54, 208 P3d 1026 (2009) (declining to correct sentencing error where the trial court would have considerable flexibility on remand to reach the same result and the trial court had stated that it intended to impose a "long sentence" and that a 325-month prison sentence was "the appropriate sentence"), *with Medina*, 234 Or App at 690 (remanding for resentencing where, although it was clear that the trial court disapproved of defendant's behavior, we could not be certain that the trial court was intent on having defendant serve a 150-month aggregate sentence).

In light of the harmlessness of the errors and our confidence that a remand to the trial court would have no practical effect on defendant's total aggregate sentence, we decline to exercise our discretion to correct the trial court's errors.

Affirmed.

---

[5] Defendant does not argue that the unlawful firearm minimum sentences could have collateral consequences in the future.

[6] The trial court, after hearing evidence regarding certain sentencing enhancement factors, determined that defendant was on supervision when he committed his crimes, that his prior imprisonment and participation in rehabilitative programs did not deter defendant's criminal behavior, that the public needed to be secured from defendant until he made necessary changes in his behavior, and that "at this point everything that we have tried has not been successful in rehabilitating you and so we need to try something different this time." At sentencing, the trial court further told defendant, "You are a young man who is going to spend the rest of your youth, middle age in prison. By the time you get out, you will be an old man." The trial court also told defendant, when imposing the sentence on Count 6, that, "It's 130 months and you deserve every day of it, sir."