Submitted August 5, remanded for resentencing; otherwise affirmed
September 8, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRANDON SCOTT CLAGGETT,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0900297; A145830

232 P3d 980

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Defendant pleaded guilty to coercion with a firearm (Count 1), ORS 163.275, unlawful use of a weapon with a firearm (Count 2), ORS 166.220, and misdemeanor fourth-degree assault (Count 4), ORS 163.160, and appeals the resulting judgment of conviction.[1] A detailed recitation of the facts would not benefit the bench, the bar, or the public. It is sufficient to note that the court imposed a 60-month firearm minimum sentence, ORS 161.610, on Count 1 and then imposed a second firearm minimum sentence on Count 2, 36 months of which was to run concurrently with the sentence on Count 1 and 24 months of which was to run consecutively. On appeal, defendant contends that the trial court erred in imposing two 60-month firearm minimum sentences. Although defendant did not preserve that challenge to the sentences, he contends that we should exercise our discretion to review them as plain error. ORAP 5.45; *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991).

The state concedes that the trial court committed plain error under *State v. Hardesty*, 298 Or 616, 695 P2d 569 (1985), and contends that we should exercise our discretion to remedy the error. We agree and accept the state's concession, and, for the reasons stated in *State v. Medina*, 234 Or App 684, 691, 228 P3d 723 (2010), exercise our discretion to remedy the error.[2]

In doing so, we note that the circumstances of this case are distinguishable from those in *State v. Diaz-Guillen*, 245 Or App 110, 261 P3d 80 (2011). There, after imposing a firearm minimum sentence on one count, the trial court imposed two additional firearm minimum sentences on two other counts. Although we agreed with the state's concession that the trial court erred in imposing the two additional firearm minimum sentences, we declined to exercise our discretion to remedy the error because the erroneous sentences ran concurrently with other lawful sentences such that any error

---

[1] The other charges against defendant were dismissed.

[2] Our disposition obviates the need to address defendant's contention that the trial court's imposition of post-prison supervision on Counts 1 and 2 was also erroneous.

was harmless and the defendant did not assert that future collateral consequences might arise from those erroneous sentences. Here, in contrast, 24 months of the firearm minimum sentence imposed on Count 2 runs consecutively to the firearm minimum sentence imposed on Count 1. Accordingly, the error in this case is not harmless.

Remanded for resentencing; otherwise affirmed.