***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted September 18, affirmed October 11, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS CLINTON CALDER,
*Defendant-Appellant.*

Baker County Circuit Court
20CR20653, 20CR50237;
A177755 (Control), A177756

Matthew B. Shirtcliff, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In these two consolidated cases, defendant's probation was revoked, and he was sentenced to terms of incarceration and post-prison supervision. He argues on appeal that the trial court plainly erred in imposing impermissibly long prison and post-prison supervision (PPS) terms in one of the cases. As explained below, defendant's challenge to the length of the prison term is not reviewable, and although he is correct that the court erroneously calculated the PPS term, that error is harmless. Accordingly, we affirm.

In the first case, Case No. 20CR20653, defendant pleaded guilty to fourth-degree assault and received a downward departure sentence of probation, with a stipulation that on probation revocation, he would be sentenced to 30 months in prison. In the second case, Case No. 20CR50237, defendant also pleaded guilty and was convicted of fourth-degree assault.[1] Defendant received a downward departure sentence of probation on that case and stipulated that, if probation was revoked, he would serve a 54-month prison sentence consecutive to the 30-month sentence in the first case, for a total of 84 months in prison. Later, defendant admitted that he violated the conditions of his probation, and the court revoked his probation in both cases. In Case No. 20CR20653, the court imposed the agreed-upon 30 months' imprisonment, with a PPS term of 24 months. In Case No. 20CR50237, the court imposed the agreed-upon 54 months of imprisonment, with a PPS term of 24 months.

On appeal, defendant first argues that the trial court erred in imposing the 54-month incarceration term in Case No. 20CR50237 because under OAR 213-010-0002(2), when a sentencing court revokes probation, the sentence to be imposed is the "presumptive sentence," which under the sentencing guidelines, would have been 30 months' imprisonment for this offense. Given that defendant stipulated to the 54-month prison sentence on revocation of probation, that issue is not reviewable on appeal pursuant to ORS 138.105(9). *See State v. Davis-McCoy*, 300 Or App 326, 328-30, 454 P3d 48 (2019) (under ORS 138.105(9),

---

[1] In that case, defendant also was convicted of a misdemeanor, which is not at issue on appeal.

"[t]he appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant"). To the extent defendant argues that ORS 138.105(9) is unconstitutional, that argument fails under *State v. Colgrove*, 370 Or 474, 498-99, 521 P3d 456 (2022) (the legislature has broad authority to "limit the issues that a court may review on appeal").

Defendant next challenges the 24-month PPS term imposed in Case No. 20CR50237, arguing that the court plainly erred in imposing it because under OAR 213-005-0002(4), a PPS term, "when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction." Because the maximum indeterminate term for the crime of conviction here was 60 months, defendant asserts, the PPS term for the offense should have been six months, not 24 months. The state agrees that the court erred in determining the length of PPS for that offense but argues that the error was harmless given that it is not disputed that the court properly imposed the 24-month PPS term in Case No. 20CR20653. The state is correct that the error is harmless. *See* OAR 213-012-0040(1) ("If the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term."); *State v. Carroll*, 212 Or App 317, 318-19, 157 P3d 1993 (2007) (where erroneous PPS terms were "entirely subsumed" in an unchallenged PPS term, there was no relief that "could have any effect on the length of time that defendant is required to remain on PPS"). Because "[w]e cannot reverse a judgment based on a harmless error," and we have no plain error discretion, we must affirm. *State v. Horton*, 327 Or App 256, 262, 535 P3d 338 (2023).

Affirmed.