274 April 24, 2024 No. 273

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DAVID SCOTT LISTON,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
ARR #1
A180327

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Petitioner seeks judicial review of a final order of the Board of Parole and Post-Prison Supervision (the board), assigning error to the expiration date it set for petitioner's post-prison supervision (PPS) term on the first three counts of conviction. In short, petitioner argues that his overall PPS term should expire approximately three years earlier than the date set by the board and that, as set, the terms are unlawful and render his sentences disproportionate to the crimes committed. For the following reasons, we affirm.

We review the board's order for legal error. *Delavega v. Board of Parole*, 222 Or App 161, 163, 194 P3d 159 (2008). A full recitation of the underlying facts is not necessary to explain our decision and it would not benefit the parties, the bench, or the bar. The pertinent facts are procedural, and we recount those in the body of our opinion as appropriate.

In 2003, petitioner was convicted of first-degree kidnapping (Count 1), first-degree sexual abuse (Count 2), attempted first-degree sodomy (Count 3), and attempted first-degree sexual abuse (Count 4). The trial court sentenced petitioner to prison for 90 months on Count 1 with PPS for 36 months; 75 months on Count 2 with PPS for 10 years, credit for time served; 36 months on Count 3 with PPS for 10 years, credit for time served; and 36 months on Count 4 with PPS for 5 years, credit for time served.[1] The prison terms were to be served consecutively. To calculate the expiration date of petitioner's PPS terms, the board used petitioner's physical release date from prison, September 12, 2022, as the start date for each term. That resulted in respective expiration dates of September 11, 2025; June 11, 2026; September 12, 2029; and September 11, 2024.

Petitioner's assignments of error correspond to the board's calculation of the PPS expiration date for Counts 1, 2, and 3, respectively (*i.e.*, those counts on which there was a break in time between the completion of the term of incarceration on that count and the date of petitioner's physical release

---

[1] The PPS terms imposed for Counts 2, 3, and 4 were authorized by ORS 144.103(1) (allowing a court to impose a PPS term that, "when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation").

from prison). The assignments are otherwise identical. In support of those assignments, petitioner first argues that the board was required to calculate each PPS term starting from the date on which petitioner completed the underlying prison term rather than the date of his physical release from prison. Second, petitioner argues that, even if the board was required to use his physical release date, it failed to recognize that it had the discretion to use a different date to calculate the PPS expiration dates. Finally, petitioner argues that, even if the board was authorized to use the physical release date to calculate PPS, the board's calculation nevertheless resulted in disproportionate sentences in violation of Article I, section 16, of the Oregon Constitution. We take each argument in turn.

As petitioner acknowledges, we rejected the substance of his first argument in *Norris v. Board of Parole*, 237 Or App 1, 238 P3d 994 (2010), where we held that "[a]n offender cannot begin to serve *** PPS while still lawfully incarcerated." *Id.* at 10. We explained that "where multiple terms of PPS are imposed, those terms shall be served concurrently," *id.* at 9 (emphasis omitted), and we upheld the board's use of the physical release date in calculating the expiration dates for PPS terms notwithstanding the potential for "incongruous" results, *id.* at 12. We decline petitioner's invitation to overrule *Norris* because, in our view, it is not "plainly wrong."[2] *See State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that we will overrule our prior precedent only if it is "'plainly wrong,' a rigorous standard grounded in presumptive fidelity to *stare decisis*").

We are not persuaded by petitioner's second argument that the board failed to recognize that it had the discretion to calculate his PPS terms using something other than his release date. On this record, we do not interpret the board's silence on the existence of its discretionary authority to mean that the board did not know it had that authority or that it failed to exercise it.[3]

---

[2] We note that the substance of petitioner's challenge to *Norris* is currently pending before the Oregon Supreme Court in *Long v. Board of Parole*, 327 Or App 196, 532 P3d 1264, *rev allowed*, 371 Or 535 (2023), and *Kragt v. Board of Parole*, 327 Or App 25, 533 P3d 392, *rev allowed*, 371 Or 511 (2023).

[3] OAR 213-005-0002(3) provides that "[t]he term of post-prison supervision shall begin upon completion of the offender's prison term or such term as directed by the supervisory authority."

Finally, petitioner argues that the board's calculation of his PPS terms violated Article I, section 16, of the Oregon Constitution, which requires that "all penalties *** be proportioned to the offense." He argues that, by delaying the start date of his PPS terms until his release from prison, the board effectively extended his sentences to the point that they are no longer proportional to the crimes of conviction. The state responds that petitioner failed to exhaust or preserve that argument and that the board was merely implementing the sentence imposed by the trial court.

Assuming, without deciding, that petitioner properly exhausted and preserved his arguments, the problem is that petitioner presents no authority (and we are aware of none) that would allow us to address a proportionality challenge in this context. *Cf. State ex rel Engweiler v. Powers*, 232 Or App 214, 231, 221 P3d 818 (2009), *rev'd on other grounds*, 350 Or 592, 260 P3d 448 (2011) (noting the Oregon Supreme Court's cases suggest that "board-established prison terms" are not subject to an Article I, section 16, analysis). To the extent that the structure of petitioner's sentence poses a proportionality problem, that problem arose from the structure of his initial sentence, which petitioner could have challenged in other proceedings. As explained above, the board's action here simply implemented that sentence in conformance with the trial court's judgment and our holding in *Norris*.

Affirmed.