Submitted on remand from the Oregon Supreme Court October 28, 2008, appeal dismissed February 11, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK ALLEN MOZINGO,
*Defendant-Appellant.*

Josephine County Circuit Court
02CR0440; A122656

202 P3d 907

David E. Groom for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Oregon Supreme Court, which vacated our prior decision, *State v. Mozingo*, 201 Or App 720, 120 P3d 539 (2005) (*Mozingo I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). *State v. Mozingo*, 345 Or 316, 195 P3d 63 (2008). In *Mozingo I*, we remanded for resentencing because the court had imposed an upward departure sentence on defendant's conviction for first-degree sexual abuse, ORS 163.427, based on judicial factfinding. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue on remand is whether, in light of *Ramirez* and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). As explained below, we now conclude that the appeal has become moot. Accordingly, we dismiss the appeal.

Defendant, who was sentenced in 2003, received an upward departure sentence of 58 months for his crime.[1] He also received post-prison supervision pursuant to ORS 144.103(1), which provides, in part, that, when a person has been sentenced to a term of imprisonment for violating ORS 163.427, the person "shall serve a term of post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." In the present case, a remand for resentencing could afford defendant no meaningful relief; he has completed serving the prison portion of his sentence, and a remand for resentencing would not affect the length or expiration date of his post-prison supervision in light of the provision of ORS 144.103(1) quoted above. Accordingly, we conclude that the appeal is moot.

Appeal dismissed.

---

[1] Because of the date of the crime, defendant was not subject to a mandatory minimum sentence pursuant to ORS 137.700.