Submitted November 30, 2010, appeal dismissed as moot February 16, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JERRY ALVIN FULLEYLOVE,
*Defendant-Appellant.*

Umatilla County Circuit Court
CF970448; A140866

251 P3d 201

Peter Gartlan, Chief Defender, and Meredith Allen, Senior Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent. On respondent's supplemental brief were John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted in 1998 of first-degree sodomy and attempted first-degree sexual abuse, argues that the trial court erred in entering a corrected judgment pursuant to ORS 138.083 that conformed the judgment to the court's earlier oral ruling that defendant would not be eligible for sentence reductions pursuant to ORS 137.750. As explained below, we conclude that defendant's appeal is moot, and we therefore dismiss the appeal.

When defendant was sentenced for the subject offenses, the court imposed a sentence of 120 months' imprisonment for the sodomy conviction, with 10 years' post-prison supervision. *See* ORS 144.103(1) ("[A]ny person sentenced to a term of imprisonment for [various sexual offenses] shall serve a term of post-prison supervision that continues until the term of post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."). The court also imposed a sentence of 18 months' imprisonment on the attempted sexual abuse conviction. The court imposed the sentences to run consecutively and specifically stated that defendant would not be eligible for "temporary leave from custody, reduction in sentence, work release, alternative incarceration programs or conditional or supervised release" pursuant to ORS 137.750. The judgment, however, noted that restriction only with respect to the first-degree sodomy conviction.

After defendant had served most of the incarcerative term of his sentence on the first-degree sodomy conviction, the Oregon Department of Corrections sent him a letter indicating that, because the judgment did not specify that he was eligible for sentence reduction under ORS 137.750, he would not receive "earned time" credits on either of the convictions. The letter stated that, if defendant disagreed with that conclusion, defendant should ask the trial court to issue a corrected judgment indicating that he was eligible for earned time credits pursuant to ORS 137.750.

Defendant subsequently sought a corrected judgment from the trial court pursuant to ORS 138.083. He

argued that ORS 137.750, which requires a sentencing court to specify whether a defendant is eligible for earned time credits, could not constitutionally be applied to him, because the jury that had convicted him had not made a specific finding that he had committed the crimes after ORS 137.750 went into effect. The trial court noted that, at the original sentencing, the sentencing court had determined that defendant would be ineligible for earned time on either sentence, and the trial court also rejected defendant's constitutional arguments. The court entered a corrected judgment providing that, "[o]n counts 1 and 2, for substantial and compelling reasons stated on the record, defendant may not be considered for any early release or sentence reduction."

■ Defendant appeals from the corrected judgment, arguing that application of ORS 137.750 to his crimes violates the *ex post facto* provisions of the Oregon and United States constitutions. The state responds that defendant failed to preserve that argument at his original sentencing, and it further asserts, on the merits, that there was no *ex post facto* violation. As explained below, we do not reach the merits of the parties' arguments, because we conclude that this appeal has been mooted by defendant's release on post-prison supervision.

■ Defendant's arguments pertain solely to his eligibility for certain programs and sentence reductions available during the incarcerative portions of his sentences. Defendant has fully served those portions of his sentences. In many circumstances, release on post-prison supervision does not moot a defendant's arguments concerning whether he should have been released earlier on post-prison supervision. *See Baty v. Slater*, 161 Or App 653, 656, 984 P2d 342 (1998), *rev den*, 331 Or 191 (2000) (release on post-prison supervision pursuant to sentencing guidelines did not moot appeal concerning length of incarcerative term, because, if appellant prevailed, it would affect when the post-prison supervision portion of the sentence ended). However, when an inmate subject to a post-prison supervision term pursuant to ORS 144.103(1) is released from prison, that release *does* moot any appeal that concerns the date on which he should have been released from prison, because that release date does not govern the length of the inmate's term of post-prison supervision. We

explained in *State v. Mozingo*, 225 Or App 686, 687, 202 P3d 907 (2009), that

> "[the defendant] received post-prison supervision pursuant to ORS 144.103(1), which provides, in part, that, when a person has been sentenced to a term of imprisonment for violating [various statutes concerning sexual offenses], the person 'shall serve a term of post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation.' In the present case, a remand for resentencing could afford defendant no meaningful relief; he has completed serving the prison portion of his sentence, and a remand for resentencing would not affect the length or expiration date of his post-prison supervision in light of the provision of ORS 144.103(1) quoted above."

In this case, the terms of post-prison supervision for both of the crimes for which defendant was convicted are governed by ORS 144.103(1) ("violating or attempting to violate * * * ORS 163.405, * * * 163.427"). Accordingly, a determination of whether defendant should have been eligible for earned time reductions regarding one of his completed incarceration terms would have no practical effect. *See Delavega v. Board of Parole*, 222 Or App 161, 194 P3d 159 (2008) (explaining application of ORS 144.103(1) to multiple consecutive sentences for sexual offenses).

Appeal dismissed as moot.