**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ALLEN TUTOR, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> OREGON DEPARTMENT OF CORRECTIONS; OFFENDER INFORMATION AND SENTENCE COMPUTATION; MAX WILLIAMS, Past O.D.O.C. director; COLETTE PETERS, O.D.O.C. director; BETHINYE SMITH, Administrator O.I.S.C.; J. WALTERS, prison term analyst; AMY WEHR, prison term analyst; CHRISTINA TOWERS, prison term analyst; RISK MANAGEMENT DIVISION OF ODOC, Defendants before and after the fact, <br><br> Defendants - Appellees. | No. 13-35187 <br><br> D.C. No. 1:12-cv-01549-TC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 7, 2014<sup></sup>
Portland, Oregon

Before:  KOZINSKI, FERNANDEZ, and FISHER, Circuit Judges.

John Allen Tutor appeals the district court's dismissal of his action under 42 U.S.C. § 1983 against the Oregon Department of Corrections, Offender Information and Sentence Computation, Max Williams, Colette Peters, Bethinye Smith, J. Walters, Amy Wehr, Christina Towers and the Risk Management Division of ODOC (collectively the Department).  We affirm.

Tutor claims that he is entitled to damages and injunctive relief on the basis that the Department failed and refused to consider him eligible for good time credits against his sentence, which resulted in his being incarcerated for a longer period than that authorized by law.  We disagree.[1]  After Tutor was convicted of

---

**       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[1]The Department asserts that Tutor's claim is barred.  See Heck v. Humphrey, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 2372–73, 129 L. Ed. 2d 383 (1994).  Considering the clear lack of merit to his claim, we assume, without deciding, that it is not barred and will decide the matter on the merits.  See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 67, 129 S. Ct. 2308, 2319, 174 L. Ed. 2d 38 (2009).  The Department also asserts that Tutor's request for injunctive relief is moot because he has been released from confinement.  That appears to be correct.  Tutor has been released from confinement and, under Oregon law, his "release date does not govern the length of [his] term of post-prison supervision."  State v. Fulleylove, 251 P.3d 201, 202 (Or. Ct. App. 2011); see also Or. Rev. Stat. § 144.103.  Since even a favorable ruling

(continued...)

two counts of sexual abuse in the first degree,[2] he was sentenced on each of them to incarceration for the mandatory minimum of 75-months[3] and was not eligible for any reduction of that sentence.[4] The trial court could have deviated from that sentence if it had issued findings and determined that as applied to the facts of Tutor's case the sentencing statute was unconstitutional,[5] or that the so-called opt-out statute applied.[6] It did neither. Thus, his claims for relief are without merit.[7]

AFFIRMED.

---

[1](...continued)
cannot alter either Tutor's confinement or term of supervision, his claim for injunctive relief is moot. See Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004). Even if not moot, the claim would fail on the merits.

[2]Or. Rev. Stat. § 163.427.

[3]See id. § 137.700(2)(a)(P).

[4]Id. § 137.700(1).

[5]See State v. Rodriguez, 217 P.3d 659, 665, 667–68 (Or. 2009).

[6]See Or. Rev. Stat. § 137.712. We note that the statute does not apply to Tutor's crimes because they were committed prior to the statute's effective date – January 1, 2002. See Act of July 27, 2001, ch. 851, §§ 5, 6, 2001 Or. Laws 2249, 2250–52; Or. Rev. Stat. § 171.022. Further, the crimes did not fit the statute's ameliorative provisions. See Or. Rev. Stat. § 137.712(2)(e).

[7]Due to the claims' lack of merit on their face, the district court was not required to grant leave to amend. See United States ex rel Lee v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011); Reddy v. Litton Indus., Inc., 912 F.2d 291, 296–97 (9th Cir. 1990).